STATE OF NORTH CAROLINA v. ROBERT LEE MITCHELL, JR.

No. 560A91

(Filed 8 April 1994)

1. **Narcotics, Controlled Substances, and Paraphernalia § 101 (NCI4th)— misdemeanor or felony marijuana possession—proof of amount possessed**

To prove defendant guilty of more than simple possession of marijuana and to prove misdemeanor possession, the State must offer evidence that the measured weight of the marijuana exceeded one-half ounce or show that the quantity of marijuana was so large that it could be reasonably inferred that its weight exceeded one-half ounce. To prove felony possession the State must offer evidence that the measured weight of the marijuana exceeded one and one-half ounces or show that the quantity

of marijuana was so large that it could be reasonably inferred that its weight exceeded one and one-half ounces.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Minimum quantity of drug required to support claim that defendant is guilty of criminal "possession" of drug under state law. 4 ALR5th 1.**

2. **Narcotics, Controlled Substances, and Paraphernalia § 101 (NCI4th)— felonious possession of marijuana—insufficient evidence of weight of marijuana**

The quantity of marijuana introduced into evidence was insufficient to permit the jury reasonably to infer that it weighed more than one and one-half ounces so as to support defendant's conviction of felonious possession or that it weighed more than one-half ounce so that the jury's verdict could be considered a conviction of the general misdemeanor where the State introduced two rolled bags of marijuana which were observed to be protruding from defendant's shirt pocket by approximately four inches; there was no evidence of the measured weight of the marijuana; and the record contains no description of the actual size of the bags, the extent to which they were "rolled," or the extent to which the bags were filled with marijuana. The jury could not find the weight of the marijuana based on its in-court observations since the weight of a given quantity of marijuana is not a matter of general knowledge and experience, and the jury did not possess the requisite knowledge and experience necessary to infer the weight from the evidence reflected in the record. Therefore, the case is remanded for resentencing as if defendant had been convicted of simple possession of marijuana. N.C.G.S. § 90-95(d)(4).

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

**Minimum quantity of drug required to support claim that defendant is guilty of criminal "possession" of drug under state law. 4 ALR5th 1.**

3. **Narcotics, Controlled Substances, and Paraphernalia § 136 (NCI4th)— maintaining vehicle for keeping or selling drugs — meaning of "keeping"**

As used in the statute which prohibits the maintaining of a vehicle used for "keeping or selling" controlled substances,

STATE v. MITCHELL

[336 N.C. 22 (1994)]

N.C.G.S. § 90-108(a)(7), the word "keeping" denotes not just possession, but possession that occurs over a duration of time. The statute, therefore, does not prohibit the mere temporary possession of marijuana within a vehicle.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

4. **Narcotics, Controlled Substances, and Paraphernalia § 136 (NCI4th)— maintaining vehicle for keeping or selling drugs— insufficient evidence**

The State's evidence was insufficient to show that defendant's vehicle was "used for keeping or selling" a controlled substance and thus failed to support his conviction for unlawfully maintaining a vehicle in violation of N.C.G.S. § 90-108(a)(7) where it tended to show only that defendant had two bags of marijuana while in his car, that his car contained a marijuana cigarette the following day, and that drug paraphernalia and two marijuana cigarettes were found in defendant's home the following day.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

Justice MITCHELL dissenting.

Justice MEYER joins in this dissenting opinion.

Justice PARKER did not participate in the consideration or decision of this case.

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) and on discretionary review of additional issues pursuant to N.C.G.S. § 7A-31(a), from the decision of a divided panel of the Court of Appeals, 104 N.C. App. 514, 410 S.E.2d 211 (1991), finding no error in defendant's trial before Stephens, J., presiding at the 20 July 1989 Criminal Session of the Superior Court, Wake County. Heard in the Supreme Court on 13 January 1993.

*Lacy H. Thornburg, Attorney General, by Mary Jill Ledford, Assistant Attorney General, for the State.*

*A. Larkin Kirkman for defendant appellant.*

EXUM, Chief Justice.

Upon one two-count bill of indictment (89 CRS 58682) defendant was convicted as charged of felonious possession of marijuana (more

that one and-one-half ounces) (Count I) and unlawfully maintaining a vehicle for keeping or selling a controlled substance (Count II), the date of both offenses being 6 September 1989. Upon another five-count indictment (89 CRS 51901), he was charged with possession of cocaine with intent to sell, possession of cocaine with intent to deliver, possession of drug paraphernalia, misdemeanor possession of marijuana, and unlawfully maintaining a dwelling for keeping or selling a controlled substance, the date of these offenses being 7 September 1989. The charge in the second bill of possession of cocaine with intent to sell was dismissed for insufficiency of the evidence at the close of the evidence for the State. On the remaining charges in the second bill, the jury found defendant guilty of misdemeanor possession of cocaine and guilty as charged on all remaining counts. Defendant was sentenced to two years imprisonment in 89 CRS 58682 and to two years to run consecutively in 89 CRS 51901.

A divided panel of the Court of Appeals found no error in the convictions. Judge Johnson, dissenting, concluded the evidence was insufficient in 89 CRS 58682 to convict of felonious possession of marijuana and would have remanded this count for resentencing on a conviction of simple possession.

By his appeal, petition for discretionary review and brief defendant has brought forward six issues. We address only two: (1) Whether the Court of Appeals correctly affirmed the trial court's denial of defendant's motion to dismiss for insufficiency of evidence the charge of felonious possession of marijuana in 89 CRS 58682; and (2) whether the Court of Appeals correctly affirmed the trial court's denial of defendant's motion to dismiss for insufficiency of evidence the charge of unlawfully maintaining a vehicle in 89 CRS 58682. As for the remaining four issues, we conclude discretionary review was improvidently granted.

I.

On 6 September 1989, at about 9:30 p.m., defendant and Bob Kennedy drove to Jimmy's Pic-Up Store in Zebulon in a black vehicle. Kennedy is disabled and he compensates defendant for transporting him to various places. Defendant entered the convenience store alone. Defendant and the clerk were the only individuals in the store. Defendant selected several items for purchase and approached the clerk.

STATE v. MITCHELL

[336 N.C. 22 (1994)]

The clerk, Iris Williams, was an off-duty Bunn police officer. Williams gave the following account: Defendant had two bags of what appeared to be marijuana in his shirt pocket. She inquired of the bags, and defendant identified them as containing marijuana. She requested the bags, and he gave them to her. She then identified herself as a police officer and proceeded to call the police, at which time the defendant left without his marijuana.

Defendant testified that he did not enter the store with marijuana. According to defendant, the bags were on the counter when he approached Williams and Williams asked him to hand the bags to her. Defendant then left the store when Williams called the police. Upon entering his vehicle, Kennedy asked defendant what happened and defendant responded that Williams had accused him of possessing marijuana.

Kennedy corroborated defendant's version. He testified that he saw no marijuana in defendant's pocket and that he would have noticed if defendant had marijuana in his pocket. Kennedy testified that he saw Williams gesticulating in the store, and that defendant told him of Williams' accusation.

The next day defendant was arrested for possession of marijuana. He was taken to jail. A search of his car revealed a marijuana cigarette.

At 6:46 p.m. on that same day, a warrant to search defendant's home was obtained. When the police arrived at the defendant's home, his adult stepdaughter was present. Defendant was still in jail at this time. During the search, defendant's wife and adult stepson arrived. In a kitchen cabinet officers found a scale with a residue of cocaine and small plastic bags. In a dresser in the master bedroom officers found two marijuana cigarettes and rolling papers.

## II.

On the charge of felonious possession of marijuana, relating to the two bags in defendant's pocket on 6 September 1989, we conclude the evidence was insufficient to convict defendant of the felony for the reasons stated in Judge Johnson's dissent. We remand the case, as Judge Johnson would have done, for resentencing as if defendant had been convicted of simple possession of marijuana.

**STATE v. MITCHELL**

[336 N.C. 22 (1994)]

Defendant was charged and convicted of felonious possession of marijuana under N.C.G.S. § 90-95(d)(4), which states:

> [Any person possessing] a controlled substance classified in Schedule VI shall be guilty of a misdemeanor and sentenced to a term of imprisonment of not more than thirty days or fined not more than $100.00, or both, in the discretion of the court, but any sentence of imprisonment imposed must be suspended. If the quantity of the controlled substance exceeds one-half of an ounce of marijuana, the violation shall be punishable as a general misdemeanor. If the quantity exceeds one and one-half ounces of marijuana, the violation shall be punishable as a Class I felony.

In order for the State to convict defendant under this statute of a crime more serious than simple possession, it must prove that the marijuana which defendant possessed weighed more than one-half ounce to convict of the general misdemeanor and more than one and one-half ounces to convict of the felony. In order to prove the element of weight the State must, as with other elements, offer substantial evidence that this element exists. *See State v. Vines*, 317 N.C. 242, 253, 345 S.E.2d 169, 175 (1986); *State v. Porter*, 303 N.C. 680, 685, 281 S.E.2d 377, 381 (1981). The evidence is to be considered in the light most favorable to the State, and the State is to be given the benefit of every reasonable inference which it raises. *State v. Robbins*, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983).

> In ruling on a motion to dismiss, the trial court must consider all the evidence admitted in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom, and it must decide whether there is substantial evidence of each element of the offense charged. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "If there is any evidence that tends to prove the fact in issue or that reasonably supports a logical and legitimate deduction as to the existence of that fact and does not merely raise a suspicion or conjecture regarding it, then it is proper to submit the case to the jury." *State v. Artis*, 325 N.C. 278, 301, 384 S.E.2d 470,

STATE v. MITCHELL

[336 N.C. 22 (1994)]

483 (1989), *judgment vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990).

*State v. Pigott*, 331 N.C. 199, 207, 415 S.E.2d 555, 559 (1992).

[1] Under these familiar principles the State, in order to prove the element of weight of the marijuana in question, must either offer evidence of its actual, measured weight or demonstrate that the quantity of marijuana itself is so large as to permit a reasonable inference that its weight satisfied this element. In other words, to prove defendant guilty of more than simple possession and to prove misdemeanor possession, the State must offer evidence that the measured weight of the marijuana exceeded one-half ounce or show that the quantity of marijuana was so large that it could be reasonably inferred that its weight exceeded one-half ounce. To prove felony possession the State must offer evidence that the measured weight of the marijuana exceeded one and one-half ounces or show that the quantity of marijuana was so large that it could be reasonably inferred that its weight exceeded one and one-half ounces.

Here the State introduced into evidence only the two bags of marijuana seized by the store clerk, State's Exhibits Nos. 1 and 2, together with the clerk's testimony that she observed the bags sticking out of defendant's shirt pocket by approximately four inches. There was no evidence as to the measured weight of the marijuana.

After the close of the State's evidence defendant moved to dismiss the felonious possession charge on the ground that the weight of the marijuana had not been proven. The State moved to reopen its case "for the purpose of determining the weight of the marijuana." The trial court denied both motions, saying "State's Exhibits 1 and 2 have already been received into evidence and . . . visually and quantitatively the jury could obviously infer from that evidence that the marijuana contained therein exceeds one and a half ounces in weight."

[2] The issue before us then becomes whether the record supports the proposition that the quantity of the marijuana itself, as introduced into evidence and described by the testimony, is so large as to permit a reasonable inference that it weighed more than one-half or more than one and one-half ounces. We think in this case the record does not support that proposition.

STATE v. MITCHELL

[336 N.C. 22 (1994)]

First, the description of the quantity of marijuana introduced is quite sparse. The record shows simply that it was contained in two rolled bags which were observed to be in defendant's shirt and protruding from the pocket by about four inches. The record contains no description of the actual size of the bags, the extent to which they were "rolled" nor the extent to which the bags were filled with the marijuana. Were the bags full, half full or a quarter full? How large were the bags? The record does not say. The trial court found that the quantity of marijuana was sufficient to permit the jury reasonably to infer that it weighed more than one and one-half ounces; but there is nothing in the record before us to support that finding. The marijuana was not brought forward on appeal, and we have not been able to see it for ourselves.

The State contends that the jury's ability to handle and observe the two bags is sufficient to prove that its weight exceeds one and one-half ounces. The State relies on the principle that, "whatever the jury may learn through the ear from descriptions given by witnesses, they may learn directly through the eye from the objects described." *State v. Brooks*, 287 N.C. 392, 407, 215 S.E.2d 111, 122 (1975). The State contends that the jurors could rely on their own personal knowledge and experience which they have acquired in everyday life, as well as an opportunity to observe the evidence at trial, in order to determine for themselves whether the marijuana exceeded one and one-half ounces in weight.

When determining whether an element exists, the jury may rely on its common sense and the knowledge it has acquired through everyday experiences. 1 Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 248 (4th ed. 1993). Thus, the jury may, based on its observations of the defendant, assess whether the defendant is older than twelve. *State v. Barnes*, 324 N.C. 539, 540, 380 S.E.2d 118, 119 (1989) (jury may conclude that defendant is older than twelve and at least four years older than rape victim in order to convict of statutory rape). The jury's ability to determine the existence of a fact in issue based on its in-court observations, however, is not without limitation. The jury may not find the existence of a fact based solely on its in-court observations where the jury does not possess the requisite knowledge or expertise necessary to infer the fact from the evidence as reflected in the record.

STATE v. MITCHELL

[336 N.C. 22 (1994)]

Applying the foregoing, we conclude that the State failed to meet its burden of producing substantial evidence that the defendant possessed more than one-half ounce of marijuana on 6 September 1989. The jury saw the two bags of marijuana, which would fit in a shirt pocket. Williams also testified that she saw "two bags sticking up approximately four inches out of his pocket." A juror's finding that the amount of marijuana as reflected by this record exceeds one-half ounce is unreliable. Unlike age, the weight of a given quantity of marijuana is not a matter of general knowledge and experience. Every adult has had experience dealing with and estimating the age of others. Human characteristics associated with various ages are matters of common knowledge. The same cannot be said regarding the weight of various quantities of marijuana. This is a matter familiar only to those who regularly use or deal in the substance, who are engaged in enforcing the laws against it, or who have developed an acute ability to assess the weight of objects down to the ounce. The average juror does not fall into any of these categories. As Judge Johnson noted below:

> While jurors may and do rely on their five senses and their life experience in deciding the facts from the evidence placed before them, I would not place a defendant in jeopardy of a felony conviction based on the jury's perception of the total weight of dried vegetable material contained in two small plastic bags — material with which the jurors presumably have little or no experience, either in handling generally or in the weighing of it. Most people, in fact, do not have experience dealing in ounces of anything, much less a substance with the specific density and bulk of marijuana.

Since the record does not reflect that the State produced sufficient evidence that the marijuana exceeded one and one-half ounces, the conviction for possession of more than one and one-half ounces of marijuana is reversed. The case is remanded to the Court of Appeals for further remand to the trial court for resentencing as if defendant had been convicted of simple possession of marijuana.

III.

The next question is whether the evidence is sufficient to support defendant's conviction under N.C.G.S. § 90-108(a)(7). This statute makes it unlawful for any person:

To knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article.

There are thus two theories under which the State may prosecute a defendant under N.C.G.S. § 90-108(a)(7). Under the first statutory alternative the State must prove that the defendant did (1) knowingly (2) keep or maintain (3) a vehicle (4) which is resorted to (5) by persons unlawfully using controlled substances (6) for the purpose of using controlled substances. Under the second statutory alternative, the State must prove that the defendant did (1) knowingly (2) keep or maintain (3) a vehicle (4) which is used for the keeping or selling (5) of controlled substances.

With respect to the charge under N.C.G.S. § 90-108(a)(7), the jury found defendant guilty only of "unlawfully, willfully, and knowingly maintaining a vehicle for illegally keeping drugs," the second alternative theory set out above. Thus we do not address whether the evidence would have been sufficient to convict defendant under the first alternative theory.

A review of the evidence against defendant, as elicited from the testimony of the store clerk, reveals that the clerk did not see either the defendant or the bags of marijuana before the defendant got out of the vehicle. The store clerk testified that:

[At a]pproximately 9:30 a black male walks inside the store. The reason I noticed this man is because he got out of a dark vehicle with dark tinted windows. In his left pocket he had two bags sticking up approximately four inches out of his pocket. I let him get inside the store. He went to the beer box, brought beer back—I don't remember what kind— and then he—he come up to the counter and he asked for some rolling papers I had never heard of. And I asked him, I said, Well, what have you got in your pocket there, Buddy?

He says, It's dope or marijuana.

I says, Let me see it. On that he took it out and handed it to me and I kept it and called the police.

On cross-examination when asked to describe the events that occurred in the store, the store clerk stated,

> When he came in the door, I noticed him because he drove up on [sic] the car with the windows blacked out. That's the only reason I noticed that. He walked in. I saw something sticking out of his pocket approximately four inches. When he come back I asked him what it was and he told me it was marijuana. And I said, May I see it, please? And he handed it to me.

On this state of the evidence both defendant and the State focus their sufficiency arguments on whether the store clerk's testimony is sufficient to support an inference that defendant had the marijuana in his possession while he was in the vehicle. Defendant argues it was not and that "unless the State can show that defendant had marijuana in his vehicle . . . the charge of maintaining a vehicle should be dismissed." The State argues that the testimony does permit an inference that defendant possessed the marijuana while he was in the vehicle and, therefore, the evidence is sufficient to support defendant's conviction.

We think the evidence, taken in the light most favorable to the State, is enough for a jury reasonably to infer that defendant possessed the marijuana while he was in his vehicle. The more fundamental issue is whether the evidence produced by the State is enough to prove, under the second statutory alternative, that his vehicle was used for keeping or selling marijuana.

[3] N.C.G.S. § 90-108(a)(7) makes it illegal to "knowingly keep or maintain any . . . vehicle . . . which is used for the keeping or selling of" controlled substances. This statute prohibits the maintaining of a vehicle only when it is used for "keeping or selling" controlled substances, such as marijuana. The word "keep" is variously defined as follows: "[to] have or retain in one's power or possession; not to lose or part with; to preserve or retain . . . . To maintain continuously and methodically . . . . To maintain continuously and without stoppage or variation . . . [; t]o take care of and to preserve . . . ." *Black's Law Dictionary* 868 (6th ed. 1990). "Keep" therefore denotes not just possession, but possession that occurs over a duration of time. By its plain meaning, therefore, this statute does not prohibit the mere temporary possession of

STATE v. MITCHELL

[336 N.C. 22 (1994)]

marijuana within a vehicle.[1] The meaning of "a vehicle . . . which is used for . . . selling controlled substances" is self-evident.[2] The issue is then whether the State produced sufficient evidence that the vehicle was used for the keeping or selling of marijuana.

[4] The evidence, taken in the light most favorable to the State and giving the State every reasonable inference, indicates that defendant possessed marijuana while in his car. The State's evidence also shows that on the following day drug paraphernalia, consisting of small plastic bags and scales, were found at defendant's home. On that same day authorities found one marijuana cigarette in defendant's car and two marijuana cigarettes at defendant's home.

We find that this evidence is insufficient to establish that defendant's vehicle was "used for the keeping or selling of" a controlled substance. At most, the State has shown that on 6 September 1989 defendant possessed marijuana while in his car and that on the following day his car contained a marijuana cigarette. The State also presented evidence of the presence of drugs and drug paraphernalia at defendant's home. This evidence raises at most only a suspicion that defendant's car was used for either keeping or selling marijuana.

That an individual within a vehicle possesses marijuana on one occasion cannot establish that the vehicle is "used for keeping" marijuana; nor can one marijuana cigarette found within the car establish that element. This evidence clearly would support a conviction for possession of marijuana, but we do not believe that our legislature intended to create a separate crime simply because the controlled substance was temporarily in a vehicle.

The State also has not produced sufficient evidence that the vehicle was "used for . . . selling" a controlled substance. The evidence, including defendant's actions, the contents of his car, and the contents of his home, are entirely consistent with drug use, or with the sale of drugs generally, but they do not implicate the car with the sale of drugs.

---

1. Clearly, if the defendant possesses the controlled substance while in a vehicle, he is guilty at least of possession of a controlled substance. If the vehicle contains the controlled substance but the defendant is not in the vehicle, he may be guilty of possession of a controlled substance by operation of the doctrine of constructive possession.

2. We note that this portion of the statute does not require that the controlled substance ever actually be in the vehicle.

STATE v. MITCHELL

[336 N.C. 22 (1994)]

The focus of the inquiry is on the *use*, not the contents, of the vehicle. Although the contents of a vehicle are clearly relevant in determining its use, its contents are not dispositive when, as here, they do not establish that the use of the vehicle was a prohibited one. The determination of whether a vehicle, or a building, is used for keeping or selling controlled substances will depend on the totality of the circumstances. Where, for example, the defendant, found with twelve envelopes containing marijuana in his vehicle, together with more than four hundred dollars, admits to selling marijuana, *State v. Bright*, 78 N.C. App. 239, 240, 337 S.E.2d 87, 87-88 (1985), *disc. review denied*, 315 N.C. 591, 341 S.E.2d 31 (1986), or the defendant has title to, and makes payments relating to the maintenance of, a barn which contains marijuana plants, *State v. Allen*, 102 N.C. App. 598, 608-09, 403 S.E.2d 907, 914 (1991), *rev'd on other grounds*, 332 N.C. 123, 418 S.E.2d 225 (1992), or it is shown that the defendant finances and supervises a game room in which drugs are regularly sold, *State v. Thorpe*, 94 N.C. App. 270, 274, 380 S.E.2d 777, 779 (1989), *rev'd on other grounds*, 326 N.C. 451, 390 S.E.2d 311 (1990), the defendant may be convicted of maintaining a vehicle or building which is used for keeping or selling a controlled substance. *See also State v. Rich*, 87 N.C. App. 380, 384, 361 S.E.2d 321, 322 (1987) (where evidence showed that defendant's home contained 20 grams of cocaine along with numerous items of drug paraphernalia, evidence was sufficient to maintain a conviction under N.C.G.S. § 90-108(a)(7)). But where the State has merely shown that the defendant had two bags of marijuana while in his car, that his car contained a marijuana cigarette the following day, and that his home contained marijuana and drug paraphernalia, the State has not shown that the vehicle was used for selling or keeping a controlled substance.

The Court of Criminal Appeals of Oklahoma faced a similar issue in *Howard v. State*, 815 P.2d 679 (Okla. 1984). In *Howard*, the defendant was arrested for public intoxication. The police took the defendant to his motel room where the police found a small package on the bedside table containing a white powder later found to contain 0.1 grams of methamphetamine. Also on the table were a broken cigarette, a syringe and a piece of damp cotton which tested positive for methamphetamine. The defendant was convicted under a statute making it illegal to "maintain any . . . place whatever . . . which is used for the keeping or selling" of controlled substances.

*Id.* at 682 (referring to Okla. Stat. Ann. tit. 63 § 2-404(A)(6) (1984) ). The appellate court reversed the conviction, stating:

> While this evidence is certainly sufficient to justify a conviction for Possession of a Controlled Dangerous Substance, . . . we do not find any evidence which even remotely tends to prove that the motel room rented by Appellant was maintained . . . for "the keeping or selling of [controlled substances]."

*Id.*

The Supreme Court of Georgia reversed a conviction under a statute similar to N.C.G.S. § 90-108(a)(7) where the court found the evidence insufficient. *Barnes v. State*, 255 Ga. 396, 339 S.E.2d 229 (1986). The court reasoned:

> [W]e hold that in order to support a conviction . . . for maintaining a residence or other structure or place used for keeping controlled substances, the evidence must show that one of the purposes for maintaining the structure was the keeping of the controlled substance; thus, the *mere possession of limited quantities of a controlled substance* within the residence of structure is insufficient to support a conviction[ ].
>
> [We further] hold that in order to support a conviction under this statute for maintaining a residence or other structure or place used for selling controlled substances, the evidence must be sufficient to support a finding of more than a single, isolated instance of the proscribed activity . . . .

*Id.* at 402, 339 S.E.2d at 234 (emphasis added).

Based on the foregoing, we conclude that the State did not produce sufficient evidence that defendant's vehicle was "used for keeping or selling" a controlled substance. His conviction under N.C.G.S. § 90-108(a)(7) is therefore reversed.

## IV.

As to the remaining issues presented, we conclude that discretionary review was improvidently granted.

The result is: In 89 CRS 58682 the Court of Appeals' decision finding no error in the trial court's denial of defendant's motion to dismiss Count I (felony possession of marijuana) is reversed, and defendant stands convicted on Count I of simple possession of marijuana. This conviction is remanded to the Court of Appeals

STATE v. MITCHELL

[336 N.C. 22 (1994)]

for further remand to the trial court for a new sentencing hearing. Also in 89 CRS 58682 the Court of Appeals' decision finding no error in the trial court's denial of defendant's motion to dismiss Count II (unlawfully maintaining a vehicle) for insufficiency of the evidence is reversed. In 89 CRS 51901 the decision of the Court of Appeals remains in effect.

89 CRS 58682, Count I, REVERSED AND REMANDED;

89 CRS 58682, Count II, REVERSED;

89 CRS 51901, DISCRETIONARY REVIEW IMPROVIDENT-LY ALLOWED.

Justice PARKER did not participate in the consideration or decision of this case.

Justice MITCHELL dissenting.

I believe the trial court properly denied the defendant's motion to dismiss the charge of felonious possession of marijuana. The testimony at trial was to the effect that the two bags of marijuana seized from the defendant were long enough to extend four inches above the top of his shirt pocket. Those bags of marijuana were received into evidence and before the jury for its examination. Like the trial court and the majority in the Court of Appeals, I believe that North Carolina jurors of average intelligence could view and handle such bags of marijuana and conclude beyond a reasonable doubt whether the defendant had possessed more than one and one-half ounces of marijuana and, as a result, was guilty of felonious possession of marijuana. Members of the jury were entitled to rely on their common sense and the knowledge they had acquired through everyday life experiences. 1 Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 248 (4th ed. 1993). Accordingly, I believe that the Court of Appeals was correct in affirming the trial court's denial of the defendant's motion to dismiss that charge and that the majority errs in holding to the contrary.

I also believe that the majority errs in holding that the State's evidence was not sufficient to support the defendant's conviction, under N.C.G.S. § 90-108(a)(7), for keeping or maintaining a vehicle used for the keeping of a controlled substance. Although the State's

evidence was by no means overwhelming in this regard, I believe that the evidence tending to show that the defendant had two bags of marijuana while he was in the car and that a marijuana cigarette was located in the car amounted to substantial evidence that the vehicle was "used for the keeping" of marijuana.

For the foregoing reasons, I believe that the majority errs in reversing the decision of the Court of Appeals which affirmed the defendant's convictions for felonious possession of marijuana and for maintaining a vehicle used for keeping marijuana. Therefore, I respectfully dissent from the opinion of the majority.

Justice Meyer joins in this dissenting opinion.