An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1206

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

    v.

JEROME KEITH JOHNSON

Cumberland County
No. 11 CRS 66293


Appeal by defendant from judgment entered 6 June 2013 by Judge Claire V. Hill in Cumberland County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Laura E. Parker, for the State.*

> *Irons & Irons, P.A., by Ben G. Irons, II, for defendant-appellant.*

ELMORE, Judge.

Jerome Keith Johnson ("defendant") appeals from judgment entered after he pled guilty, pursuant to *Alford*, to misdemeanor maintaining a dwelling for controlled substances. Defendant was sentenced to a suspended term of 30 days imprisonment and placed on 12 months of supervised probation. Defendant argues that

there was an insufficient factual basis to support his *Alford* plea. For the reasons discussed herein, we affirm.

Defendant entered a *pro se* notice of appeal. Defendant acknowledges that the *pro se* notice of appeal violates Rule 4 of the North Carolina Rules of Appellate Procedure because it failed to note the court to which the appeal was taken, was unsigned, and there was no proof of service on the State. "A failure on the part of the appealing party to comply with Rule 4 deprives this Court of jurisdiction to consider his or her appeal[.]" *State v. Hughes*, 210 N.C. App. 482, 484, 707 S.E.2d 777, 778 (2011). Furthermore, defendant acknowledges that he does not have an appeal as a matter of right to challenge the trial court's acceptance of his guilty plea. *See* N.C. Gen. Stat. § 15A-1444 (2013) (listing the issues that a defendant who has entered a plea of guilty or no contest is entitled to appeal as a matter of right). We therefore grant the State's motion to dismiss defendant's appeal.

Pursuant to N.C. Gen. Stat. § 15A-1444(e) and Rule 21 of the North Carolina Rules of Appellate Procedure, defendant seeks issuance of this Court's writ of certiorari to invoke jurisdiction to review his argument regarding the sufficiency of the factual basis to support his plea. In our discretion, we

grant certiorari to review defendant's argument. *See State v. Demaio*, ___ N.C. App. ___, ___, 716 S.E.2d 863, 866 (2011) (granting certiorari to review whether the trial court erred in accepting the defendant's guilty plea).

Defendant contends that the trial court erred by determining there to be a factual basis in support of his *Alford* plea because the State failed to show that defendant knew about the controlled substances in his house or being sold from his house. Defendant further contends that the State made no attempt to establish that he actually possessed or had constructive possession of cocaine. We disagree.

"The judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea." N.C. Gen. Stat. § 15A-1022(c) (2013). The determination that there is a factual basis to support a plea may be based upon "[a] statement of the facts by the prosecutor." *Id.*

> There are . . . two theories under which the State may prosecute a defendant under N.C.G.S. § 90-108(a)(7). Under the first statutory alternative the State must prove that the defendant did (1) knowingly (2) keep or maintain (3) a [dwelling] (4) which is resorted to (5) by persons unlawfully using controlled substances (6) for the purpose of using controlled substances. Under the second statutory alternative, the State must prove that the defendant did (1) knowingly (2) keep or maintain (3) a

> [dwelling] (4) which is used for the keeping or selling (5) of controlled substances.

*State v. Mitchell*, 336 N.C. 22, 31, 442 S.E.2d 24, 29 (1994).

> Factors which may be taken into consideration in determining whether a person keeps or maintains a dwelling include ownership of the property, occupancy of the property, repairs to the property, payment of utilities, payment of repairs, and payment of rent. Since none of the factors is dispositive, the determination will depend on the totality of the circumstances.

*State v. Baldwin*, 161 N.C. App. 382, 393, 588 S.E.2d 497, 506 (2003) (citations omitted).

Here, the prosecutor made the following statement summarizing the evidence at defendant's plea hearing:

> On December 19th of 2011, Officer Franklin, with the Fayetteville Police Department, conducted a search warrant at 425 Chadham Street, after conducting a controlled purchase and a [indiscernible] inspection. Upon execution of the search warrant, they located, in the defendant's bedroom, .5 grams of cocaine and three individuals locks, a dog bowl with cocaine residue on it from coc -- cutting cocaine, a digital scale used to weigh cocaine, a razor blade used to cut cocaine, torn baggies for packaging and repacking cocaine -- used for -- [indiscernible] used to store cocaine, mail addressed to the defendant proving his residency at that address and $190 in small increments. To give some more background, there had been a CI sent in who had said that there could be drugs bought from that address. The CI went in on one day. The officer observed it -- going to the door. I

don't believe there's any indication of who they saw answer the door; and, she went in and bought -- the CI went in and bought narcotics, then came out. They attempted to do another buy on a different day; but, when they searched the CI, the CI did buy cocaine, but then also tried to conceal cocaine in a chap stick holder; and, so, after having the one purchase, where they did not find additional cocaine hidden on the CI, they decided to do an [indiscernible] from the curbside. They did do that; but, primarily, it appeared to be baggie corners that were collected; and, I don't think there was an indication of who the CI had actually purchased from, but we could confirm that this was his address, as he was listed on mail that had come from there; and, that's why we ended up with this plea. Thank you.

The prosecutor's summary above contains the 1.) appropriate facts necessary to prosecute defendant under N.C. Gen. Stat. § 90-108(a)(7) and 2.) factors set forth in *Mitchell*, *supra*. Furthermore, defendant did not correct or add anything further to the prosecutor's summary. Thus, the trial court correctly found that there was a factual basis for the plea.

Moreover, we cannot agree with defendant's contention that the State made no attempt to establish that defendant actually possessed or had constructive possession of cocaine.

An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use.

> Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession[.]

*State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). In this case, there was confirmation that the home was defendant's residence. Also, the contraband, including cocaine, digital scale, razor blade, and baggies were found in defendant's bedroom. We therefore conclude that the summary of the facts by the prosecutor was sufficient to establish a factual basis for defendant's *Alford* plea to misdemeanor maintaining a dwelling for controlled substances. Accordingly, we affirm.

Affirmed.

Judges McGee and Davis concur.

Report per Rule 30(e).