STROUD, Judge, concurring in part and dissenting in part.
I concur with the majority opinion on all issues except the first, regarding sufficiency of the evidence to support defendant's conviction of maintaining a vehicle for the "keeping or selling of [controlled substances]." N.C. Gen. Stat. § 90-108(a)(7) (2015). On this issue, I dissent because I believe the evidence is sufficient when viewed "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).
Under N.C. Gen. Stat. § 90-108(a)(7), it is unlawful to "knowingly keep or maintain any ... vehicle ... which is used for the keeping or selling of [controlled substances]." The majority correctly notes that the word "keep" in the statute "denotes not just possession, but possession that occurs over a duration of time." State v. Mitchell , 336 N.C. 22, 32, 442 S.E.2d 24, 30 (1994). However, as the majority also notes, "[t]he totality of the circumstances controls, and whether there is sufficient evidence of the 'keeping or maintaining' element depends on several factors, none of which is dispositive." State v. Hudson , 206 N.C.App. 482, 492, 696 S.E.2d 577, 584 (2010). Our disagreement is how long the "duration of time" of the "keeping" must be. Mitchell , 336 N.C. at 32, 442 S.E.2d at 30.
After evaluating the totality of the circumstances in the present case, I believe the State presented substantial evidence that defendant "knowingly [kept] or maintain[ed]" the vehicle within the meaning of N.C. Gen. Stat. § 90-108(a)(7). The majority implies that because there is "no indication law enforcement officers had information, prior to the day of Defendant's arrest, linking Defendant to the white Cadillac[,]" a reasonable jury could not have found "possession that occurs over a duration of time" to support the keeping element. Mitchell , 336 N.C. at 32, 442 S.E.2d at 30.
First, our case law does not establish what specific "duration of time" is sufficient. The majority references Hudson , where two days of possession and use of the vehicle in question was deemed "indisputably ... a duration of time." 206 N.C.App. at 492, 696 S.E.2d at 584. But would Hudson have been decided differently if defendant had been pulled over two hours after picking up the car, rather than two days? Hudson is an easier case and "indisputably" occurred over "a duration of time." Id. But the analysis does not change just because the situation in this case is less clear cut.
We review the evidence in the light most favorable to the State, drawing reasonable inferences therefrom. See, e.g. , State v. Santiago , 148 N.C.App. 62, 68, 557 S.E.2d 601, 606 (2001) ("In reviewing the denial of a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn therefrom." (quotation marks and ellipses omitted)). Specifically, our job on appeal of a motion to dismiss is simply to evaluate whether the jury heard "substantial *101 evidence, viewed in the light most favorable to the State, of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Lane , 163 N.C.App. 495, 499, 594 S.E.2d 107, 110 (2004) (citations omitted).
The majority views the evidence in this case as showing that defendant was "the sole driver and occupant of the Cadillac for, at most, one-and-a-half hours on the afternoon of his arrest." In doing so, the majority interprets testimony from Detective Luther that defendant had been in possession of the vehicle "for some period of time" as only referring to information received the day he was arrested. But the jury also heard evidence that a narcotics investigation had been ongoing regarding defendant since December 2012, and that upon searching the Cadillac on the day defendant was arrested, officers found a receipt in the front seat dated 29 May 2013, for a $30.00 "service fee" made out to defendant.
In addition, during the surveillance of the vehicle by law enforcement, defendant was the only driver of the vehicle; no one else rode in it. And in the Cadillac, in which only defendant had been seen, police found a marijuana cigarette in the ashtray, money folded inside of a boot on the back seat, and plastic baggies "with a white rock substance packaged in the baggies" hidden inside the gas cap. The gas cap was locked and had to be opened with a latch on the inside of the car, and the baggies were of the same color, type, and size-purple plastic bags-as those found in defendant's hotel room.
This evidence shows that defendant had been keeping the car for a period of time and that drugs had been hidden in the car at some time prior to when the officers stopped him, since he could not have put drugs into the gas cap while he was driving. Officers had been watching defendant's comings and goings in the car most of the day, and he had not placed anything in the gas cap while they were watching him, so the jury could infer that the baggies had to have been placed there sometime before their surveillance began. Based on all of these facts, I believe that while it is a closer call, this case is similar to Hudson , 206 N.C.App. at 492-93, 696 S.E.2d at 584, and that the evidence supports all of the essential elements of the crime charged, including "keeping" the vehicle over a period of time for the purpose of keeping drugs (cocaine in this case). The totality of the evidence in this case shows that defendant was "keeping" the Cadillac-as its the sole driver and occupant over a period of time-and that he was "keeping" cocaine in this vehicle, hidden inside the gas cap door, as required by N.C. Gen. Stat. § 90-108(a)(7).
Evidence was admitted at trial without objection indicating that defendant was in possession of the Cadillac "for some period of time[,]" which the jury could properly consider when making its determination. Furthermore, even accepting the majority's assumption of just one and a half hours of "keeping" the cocaine hidden in the gas cap of the vehicle, I find no case law or indication in N.C. Gen. Stat. § 90-108(a)(7) that this is an insufficient amount of time-under the totality of the circumstances in this case-to demonstrate defendant was "keeping" the vehicle for the purpose of "keeping" drugs.
Although I am usually opposed to citing unpublished opinions, in this dissent I believe it is useful to note a recent unpublished opinion of this Court, State v. Rousseau , --- N.C. App. ----, 793 S.E.2d 292, 2016 WL 7100567, 2016 WL 7100567, 2016 N.C. App. LEXIS 1191 (COA 16-380) (Dec. 6, 2016) (unpublished). While not binding on this Court, Rousseau addresses this same issue, and based primarily upon the facts in that case, where the marijuana was found hidden in the engine compartment of the vehicle, this Court found there was sufficient evidence to support the conviction of "keeping" a controlled substance in the vehicle. Id. , 2016 WL 7100567, at *3, 2016 N.C. App. LEXIS 1191, at *8. This Court concluded in Rousseau that "the State presented substantial and uncontroverted evidence that the vehicle was used to 'keep' the marijuana" where drugs were found "inside the vehicle's engine compartment outside of the passenger area." Id . Although there was evidence in Rousseau that defendant "regularly drove the vehicle" and that he had recently been stopped during a routine traffic stop, he similarly did not own the vehicle.
*102 Id. , 2016 WL 7100567, at *1, 2016 N.C. App. LEXIS 1191, at *3. Unlike this case, there was no evidence that law enforcement was already investigating the defendant for selling controlled substances or that they had reason to believe that the defendant was keeping drugs in the vehicle prior to his arrest. Id .
This Court distinguished Rousseau from prior cases due to the "additional" evidence "that a controlled substance was hidden in a storage space in the engine compartment, and that remnants of this controlled substance were found throughout the interior." Id. , 2016 WL 7100567, at *2, 2016 N.C. App. LEXIS 1191, at *6. This Court also noted:
Furthermore, the evidence tended to show that the vehicle was most recently used to facilitate a breaking and entering, not anything related to the controlled substance. From this evidence, the jury could infer that the vehicle was being used for the "keeping" of a controlled substance. Therefore, the trial court was correct in denying Defendant's motion to dismiss.
Id. , 2016 WL 7100567, at *3, 2016 N.C. App. LEXIS 1191, at *8. I believe that the majority's analysis of this issue in Rousseau was correct, although I also note that there was a dissent and the defendant filed a notice of appeal to our Supreme Court on that basis on 9 January 2017.
Here, there is no issue of whether defendant had constructive possession of the cocaine found in the gas cap, since that was determined by his conviction for possession with intent to manufacture, sell, or deliver cocaine. All of the evidence, viewed collectively and in the light most favorable to the State, suggests that defendant had made use of the vehicle for at least an hour and a half prior to his arrest-or possibly even since May of 2013-and that on the day in question, his use was exclusive. At some time prior to his arrest and the hour and a half surveillance of defendant before the arrest, he hid cocaine behind the gas cap, where he was "keeping" it. These facts suggest that defendant was "keep[ing]" the vehicle and did so for the purpose of "keeping" controlled substances, namely the cocaine found in the gas cap. N.C. Gen. Stat. § 90-108(a)(7). I would therefore hold that the trial court did not err in denying defendant's motion to dismiss the charge of maintaining a vehicle for the keeping or selling of a controlled substance.