Armed with this knowledge, Detective Dixon obtained and executed a warrant on Defendant's residence in the early morning hours of 2 April 2015. There, officers found Defendant and an unnamed female. Defendant was in his bed. Police located the following items in their respective locations:
 

 a. Bedroom nightstand next to Defendant-a Schedule I controlled substance, a .25 caliber Raven Arms pistol, marijuana, a glass jar that had the odor of marijuana inside of it, and Garcia y Vega cigar wrappers;
 

 b. Kitchen-digital scales, sandwich bags;
 

 c. Kitchen drawer-the same Schedule I controlled substance, an Oxycodone pill, and two (2) Alprazolam pills; and
 

 d. Living room-a marijuana roach in the ashtray, and a security camera set up to observe his front yard.
 

 At trial, Deputy Radford of the City-County Task Force testified that he identified the Alprazolam pills using the website drugs.com.
 

 On 2 April 2015, Defendant was charged with felony possession of a firearm by a felon, misdemeanor possession of marijuana paraphernalia, felony possession of a schedule I controlled substance, misdemeanor simple possession of a schedule II controlled substance, felony maintaining a dwelling for keeping or selling controlled substances,
 
 *92
 
 misdemeanor possession of marijuana up to one half ounce, and misdemeanor simple possession of a schedule III controlled substance. On 7 August 2015, Defendant was indicted.
 
 *755
 
 On 7 June 2016, he was convicted of these charges, save for felony possession of a schedule I controlled substance, which was dismissed by the trial court due to a fatal variance in the proof.
 

 Analysis
 

 Defendant makes two arguments on appeal to this Court. First, he asserts that the trial court committed reversible error when it denied Defendant's motion to dismiss the charge of maintaining a dwelling for lack of sufficient evidence. Second, he argues that the trial court committed plain error when it allowed Deputy Radford to opine as to the type of pills found at Defendant's home, where the basis of his identification was a visual inspection and comparison of the pills with a website.
 

 I. Identification of the Pills
 

 Defendant claims that the trial court committed plain error in allowing Officer Radford to identify the pills found in Defendant's residence as Alprazolam and Oxycodone.
 

 "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4) ;
 
 see also
 

 State v. Goss
 
 ,
 
 361 N.C. 610
 
 , 622,
 
 651 S.E.2d 867
 
 , 875 (2007),
 
 cert. denied
 
 ,
 
 555 U.S. 835
 
 ,
 
 129 S.Ct. 59
 
 ,
 
 172 L.Ed.2d 58
 
 (2008).
 

 Plain error arises when the error is "so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]"
 
 State v. Odom
 
 ,
 
 307 N.C. 655
 
 , 660,
 
 300 S.E.2d 375
 
 , 378 (1983) (citing
 
 United States v. McCaskill
 
 ,
 
 676 F.2d 995
 
 , 1002 (4
 
 th
 
 Cir. 1982) ). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result."
 
 State v. Jordan
 
 ,
 
 333 N.C. 431
 
 , 440,
 
 426 S.E.2d 692
 
 , 697 (1993) (citing
 
 State v. Faison
 
 ,
 
 330 N.C. 347
 
 ,
 
 411 S.E.2d 143
 
 (1991) ).
 

 Identification of controlled substances by visual inspection by a layperson is insufficient and identification testimony should rely on chemical analysis.
 
 State v. Llamas-Hernandez
 
 ,
 
 363 N.C. 8
 
 , 8,
 
 673 S.E.2d 658
 
 , 658 (2009). Detective Radford was not submitted as an expert witness, and identified the Oxycodone and Alprazolam through the use of drugs.com, rather than the use of an expert or scientific analysis. Even if
 
 *93
 
 Detective Radford was an expert witness, his testimony would fail under
 
 State v. Brunson
 
 ,
 
 204 N.C.App. 357
 
 ,
 
 693 S.E.2d 390
 
 (2010). In
 
 Brunson
 

 ,
 
 Ms. Dewell, an expert chemist, used "visual identification and the use of a Micromedics database of pharmaceutical preparations to determine that the pills found ... were an opium derivative, hydrocodone."
 
 Id.
 
 at 360,
 
 693 S.E.2d at 393
 
 . Here, the State through Detective Radford has committed the same error in failing to provide any actual chemical analysis, and thus defendant has not been provided with a fair trial.
 

 Normally, it would not be plain error for the State to use a website to identify the pills, on the theory that the State could have presented evidence of the lab analysis if the Defendant had objected. However, here the State only submitted the "hard brown material" and "brown rock like substance" to the NC State Crime laboratory. The pills were not submitted for lab analysis, and so the state would not have been able to present any chemical analysis of the pills even if Defendant had objected to the identification of the pills based on a visual inspection.
 

 We hold that the admission of the identification of the Oxycodone and Alprazolam was plain error, and we vacate and remand for a new trial on the charges of possession of Schedule II and III controlled substances.
 

 II. Maintaining a Dwelling
 

 Defendant argues that the he has preserved the right to
 
 de novo
 
 review of his motion to dismiss the charges for maintaining a dwelling for keeping or selling controlled substances
 

 "This Court reviews the trial court's denial of a motion to dismiss de novo."
 

 *756
 

 State v. Smith
 
 ,
 
 186 N.C.App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citing
 
 State v. McKinnon
 
 ,
 
 306 N.C. 288
 
 , 298,
 
 293 S.E.2d 118
 
 , 125 (1982) ). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor."
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994),
 
 cert. denied
 
 ,
 
 515 U.S. 1135
 
 ,
 
 115 S.Ct. 2565
 
 ,
 
 132 L.Ed.2d 818
 
 (1995).
 

 Under N.C.G.S. § 90-108(a)(7), the State must prove that Defendant "(1) knowingly or intentionally kept or maintained; (2) a building or other place; (3) being used for the keeping or selling of a controlled substance."
 
 State v. Frazier
 
 ,
 
 142 N.C.App. 361
 
 , 365,
 
 542 S.E.2d 682
 
 , 686 (2001) (citing
 
 State v. Allen
 
 ,
 
 102 N.C.App. 598
 
 , 608,
 
 403 S.E.2d 907
 
 , 913-914 (1991) ). In the present case, Defendant disputes the third element of the offense.
 

 *94
 
 "The determination of whether a building or other place is used for keeping or selling a controlled substance will depend on the 'totality of the circumstances.' "
 
 State v. Frazier
 
 ,
 
 142 N.C.App. 361
 
 , 366,
 
 542 S.E.2d 682
 
 , 686 (quoting
 
 State v. Mitchell
 
 ,
 
 336 N.C. 22
 
 , 34,
 
 442 S.E.2d 24
 
 , 30 (1994) ). In the present case, the State collected and presented at trial the Schedule I controlled substance, marijuana, a glass jar that had the odor of marijuana inside of it, Garcia y Vega cigar wraps, a marijuana roach, digital scales, sandwich bags, and a security camera set up in Defendant's living room that observed the front yard. The State also located an illegal handgun in the constructive possession of Defendant, a convicted felon. Particularly compelling is the evidence that Detective Dixon observed traffic at the residence over several days consistent with illegal drug trade, and observed a confidential source successfully buy a controlled substance from Defendant's residence.
 

 The combination of Detective Dixon's observations, the recent purchase of drugs from Defendant's residence, the discovery of drugs as well as the means to package and sell them in the home, the handgun in the constructive possession of a felon, and the security camera monitoring the front yard all create a set of circumstances in which a reasonable juror could find Defendant maintained his dwelling for the purposes of keeping and selling controlled substances.
 
 [2]
 
 Accordingly, the trial court's failure to dismiss this charge does not constitute error.
 

 Conclusion
 

 For the reasons stated above, we vacate Defendant's convictions for simple possession of schedule II and III controlled substances and remand this case to the trial court for the correction of the judgment entered against Defendant in light of our decision. We find the Defendant received a fair trial free of error in regards to his conviction for maintaining a dwelling for keeping or selling controlled substances.
 

 VACATE IN PART; NO ERROR IN PART.
 

 Judges Stroud and Dillon concur.
 

 [2]
 

 For purposes of our analysis, we have eliminated from our consideration the presence of the alleged OxyCodone or Alprazolam.