CALABRIA, Judge.
*572 Samuel Calleros Alvarez ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of felony maintaining a vehicle for keeping or selling controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7) (2017). After careful review, we conclude that defendant received a fair trial, free from error.
I. Factual and Procedural Background
In January 2015, the Lenoir County Sheriff's Office ("LCSO") planned a controlled "buy-bust" after a confidential source informed Detective Sergeant Jovani Villagra that Miguel Goicochea-Medina was trying to sell a kilogram of cocaine. The informant placed a recorded phone call to Goicochea-Medina, who agreed to sell the informant one kilogram of cocaine for $41,500.00. The parties agreed to meet in the parking lot of a Walmart in Kinston, North Carolina, on 23 January 2015 to conduct the transaction.
On 23 January 2015, Sergeant Villagra and the confidential informant drove separately to the Walmart parking lot and waited for Goicochea-Medina to arrive. At approximately 4:00 p.m., Goicochea-Medina and defendant arrived together in a white Nissan pickup truck. Although Goicochea-Medina was driving, the vehicle was registered to defendant's wife, and defendant used the truck in his work as a carpenter. Upon their arrival, both men exited the truck. After Sergeant Villagra repeatedly requested to see "the product," Goicochea-Medina deferred to defendant, who informed him that "it was in the back of the pickup truck in a compartment." Sergeant Villagra continued to press the men to produce the cocaine. He told the men that he had the $41,500.00 and showed them a cooler full of cash. Defendant responded that they needed "to go to the house" in order to unload the truck and access the cocaine, because he did not want to do it in the Walmart parking lot. Sergeant Villagra instructed the men to follow him, and then exited the parking lot in his vehicle. Goicochea-Medina followed Sergeant Villagra in the pickup truck, and defendant opted to ride with the confidential informant.
While the men were en route to "the house," LCSO officers stopped the pickup truck and placed defendant and Goicochea-Medina under arrest. When a canine unit alerted to the presence of drugs, officers searched the bed of the truck. The truck contained a large quantity of tools and was outfitted with wooden flooring, drawers, compartments, and paneling. Underneath the tools, the officers discovered a small, covered compartment in the far left corner of the floor, near the cab. After uncovering the compartment's false bottom, the officers discovered one kilogram of cocaine wrapped in plastic and oil.
*573 Defendant was subsequently indicted for trafficking in cocaine by possession of 400 grams or more; trafficking in cocaine by delivery; trafficking in cocaine by transportation; conspiracy to traffic by possessing, transporting, selling, or delivering more than 400 grams of cocaine; and felony maintaining a vehicle for keeping or selling controlled substances. On 9 January 2017, a jury trial commenced in Lenoir County Superior Court. Defendant moved to dismiss all charges at the close of the State's evidence, and he renewed the motion following his own presentation of evidence. The trial court denied defendant's motions to dismiss, but ruled that trafficking in cocaine by delivery would be submitted to the jury as an attempt charge. On 13 January 2017, the jury found defendant guilty of all charges except attempted trafficking in cocaine by delivery. The trial court sentenced defendant to 175 to 222 months in the custody of the North *181 Carolina Division of Adult Correction and ordered him to pay a $250,000.00 fine.
Defendant appeals.
II. Motion to Dismiss
Defendant's sole argument on appeal is that the trial court erred by denying his motion to dismiss the charge of felony maintaining a vehicle for keeping or selling controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7). Specifically, defendant contends that the State presented insufficient evidence that he kept or maintained his pickup truck "over a duration of time" for the purpose of keeping or selling cocaine. We disagree.
A. Standard of Review
In reviewing a criminal defendant's motion to dismiss, the question for the trial court "is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied , 531 U.S. 890, 121 S.Ct. 213, 148 L.Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "[T]he trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 115 S.Ct. 2565, 132 L.Ed. 2d 818 (1995).
*574 "The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both." Fritsch , 351 N.C. at 379, 526 S.E.2d at 455.
If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination , satisfy it beyond a reasonable doubt that the defendant is actually guilty.
Id. (citation and quotation marks omitted). We review the trial court's denial of a criminal defendant's motion to dismiss de novo . State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).
B. Discussion
N.C. Gen. Stat. § 90-108(a)(7) makes it unlawful for any person
[t]o knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of [the North Carolina Controlled Substances Act] for the purposes of using such substances, or which is used for the keeping or selling of the same in violation of [the North Carolina Controlled Substances Act].
By its plain language, N.C. Gen. Stat. § 90-108(a)(7) provides "two theories under which the State may prosecute a defendant ...." State v. Mitchell , 336 N.C. 22, 31, 442 S.E.2d 24, 29 (1994). In the instant case, the State prosecuted defendant under the second theory, which requires proof "that the defendant did (1) knowingly (2) keep or maintain (3) a vehicle (4) which is used for the keeping or selling (5) of controlled substances." Id.
N.C. Gen. Stat. § 90-108(a)(7) "does not prohibit the mere temporary possession of [a controlled substance] within a vehicle." Id. at 32-33, 442 S.E.2d at 30. The word "keep" "denotes not just possession, but possession that occurs over a duration of time." Id. at 32, 442 S.E.2d at 30 ; see also id. at 32, 442 S.E.2d at 29-30 (noting various definitions of the word "keep," including: "to have or retain in one's power or possession"; "not to lose or part with"; "to preserve or retain"; and "to maintain continuously and methodically" (alterations and citation omitted) ).
*575 "The determination of whether a vehicle, or a building, is used for keeping or selling controlled substances will depend on the totality of the circumstances." Id. at 34, 442 S.E.2d at 30. In making this determination, *182 courts consider a variety of factors, including occupancy of the property; possession over a duration of time; the presence of large amounts of cash or drug paraphernalia; and the defendant's admission to selling controlled substances. State v. Frazier , 142 N.C. App. 361, 365, 366, 542 S.E.2d 682, 686 (2001). No factor is dispositive. Id. However, "[t]he focus of the inquiry is on the use , not the contents, of the vehicle." Mitchell , 336 N.C. at 34, 442 S.E.2d at 30. "Although the contents of a vehicle are clearly relevant in determining its use, its contents are not dispositive when ... they do not establish that the use of the vehicle was a prohibited one." Id.
On appeal, defendant contends that the State presented insufficient evidence that he kept or maintained his truck "over a duration of time" for the purpose of keeping or selling cocaine. We disagree.
It is true that much of our case law interpreting N.C. Gen. Stat. § 90-108(a)(7) has turned on similar arguments. E.g., id. at 32-33, 442 S.E.2d at 30 ; State v. Dunston , --- N.C. App. ----, ----, 806 S.E.2d 697, 699 (2017) (rejecting the defendant's argument that "our case law establishes a bright-line rule whereby one incident of keeping or selling controlled substances is insufficient to sustain a conviction for maintaining a vehicle for keeping or selling a controlled substance"), aff'd per curiam , --- N.C. ----, 813 S.E.2d 218 (2018). Nevertheless, "[t]he totality of the circumstances controls, and whether there is sufficient evidence of the 'keeping or maintaining' element depends on several factors, none of which is dispositive ." State v. Hudson , 206 N.C. App. 482, 492, 696 S.E.2d 577, 584 (emphasis added), disc. review denied , 364 N.C. 619, 705 S.E.2d 360 (2010).
In the instant case, the totality of the circumstances supports a reasonable inference that defendant knowingly kept or maintained the truck for the purpose of keeping or selling cocaine. Although the vehicle was registered in his wife's name, defendant described it as "[his] truck." Defendant admitted that it was his work vehicle, that no other party used it, and that he built the wooden drawers and compartments located in the back of the cab. In conducting a lawful search of the vehicle, LCSO officers discovered a false-bottomed compartment on the truck bed floor, hidden underneath "a bunch of tools." Except for a small hole in the center of the plywood, the compartment's concealed lid "looked just like a regular bottom." Underneath the false bottom, officers discovered a four- to six-inch "void" containing one kilogram of cocaine.
*576 The cocaine was wrapped in plastic and oil to evade detection by canine units.
Defendant does not challenge the sufficiency of the evidence supporting his various trafficking convictions arising from this incident. Moreover, substantial evidence supports that defendant knowingly participated in the transaction in the Walmart parking lot immediately prior to his arrest, and that this was not an isolated incident. After Sergeant Villagra asked to see "the product," Goicochea-Medina deferred to defendant, who indicated that the cocaine was in a compartment in the back of the truck. Sergeant Villagra showed the men a cooler full of cash and told them that "next time [he] want[ed] a cheaper price" than $41,500.00. However, defendant refused to produce the cocaine in the Walmart parking lot. At trial, the State presented an audio recording of the transaction in which defendant repeatedly insisted that they "go to the house" to unload the truck. The confidential informant testified that, on the way to "the house," defendant questioned him about his prior experiences with Sergeant Villagra and indicated that they could continue selling drugs together "if everything worked out well[.]"
Taken in the light most favorable to the State, the evidence showed, generally, that defendant exercised regular and continuous control over the truck; that he constructed and knew about the false-bottomed compartment in which one kilogram of cocaine-an amount consistent with trafficking, not personal use-was discovered on 23 January 2015; that he was aware that cocaine was hidden in his truck and willingly participated in the transaction in the Walmart parking lot; and that he held himself out as responsible for the ongoing distribution of drugs like those discovered in the truck. Cf. Mitchell , 336 N.C. at 34, 442 S.E.2d at 30 ("The evidence, *183 including defendant's actions, the contents of his car, and the contents of his home, are entirely consistent with drug use, or with the sale of drugs generally, but they do not implicate the car with the sale of drugs.").
This evidence is sufficient for a reasonable juror to infer, from the totality of the circumstances, that defendant knowingly kept or maintained the pickup truck for the purpose of keeping or selling cocaine. Therefore, the trial court did not err by denying defendant's motion to dismiss the charge of felony maintaining a vehicle for keeping or selling controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7).
NO ERROR.
Judge MURPHY concurs.
Chief Judge McGEE dissents by separate opinion.