STATE OF NORTH CAROLINA v. JAMES ALLEN TURNAGE, JR.

No. 228A08

(Filed 10 October 2008)

**Appeal and Error; Burglary— sufficiency of evidence—majority and dissenting Court of Appeals opinions—inconsistencies**

The Supreme Court remanded the Court of Appeals' reversal of a first-degree burglary conviction where there were inconsistencies in the Court of Appeals' majority and dissenting opinions. The Supreme Court could not ascertain whether the basis for the majority's reversal was limited to insufficient evidence of the

identity of the perpetrator or insufficient evidence of both the element of entry and the identity of the perpetrator. The writing of the dissenting opinion leaves the Supreme Court to speculate as to how the dissenting judge interpreted the majority opinion on the issue of entry.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 190 N.C. App. ——, 660 S.E.2d 129 (2008), reversing in part and finding no prejudicial error in part in judgments entered 10 March 2004 by Judge Robert H. Hobgood in Superior Court, Wake County. Heard in the Supreme Court 8 September 2008.

*Roy Cooper, Attorney General, by Catherine F. Jordan and David W. Boone, Assistant Attorneys General, for the State-appellant.*

*Staples S. Hughes, Appellate Defender, by Emily H. Davis, Assistant Appellate Defender, for defendant-appellee.*

PARKER, Chief Justice.

In this case we review the Court of Appeals' holding that the trial court erred in failing to dismiss the charge of first-degree burglary against defendant, James Allen Turnage, Jr.

In the early morning hours of 29 April 2003, Kristina Coleman was asleep in her home where she lived with her father at 508 Calloway Drive in Raleigh, North Carolina. Mr. Coleman had left to handle his paper route. The house was locked and secured. Shortly before 4:00 a.m. Ms. Coleman was awakened to the sound of breaking glass at the front entrance to her home; she called 911 to report that someone was attempting to break into the house.

When police responded they found defendant running up an embankment at the rear of the house toward a fence that ran along Highway 440. Raleigh Police Officer R.J. Armstrong apprehended defendant. A screwdriver-like object with an eyelet at one end, a seven inch metal rod, and a pen lighter were found in and taken from defendant's pockets. Officer Armstrong and Officer Jason Bloodworth also observed that defendant had cuts and blood on the inside of his hand. Defendant later testified that he had also had a crack pipe in his pocket that he had thrown away as he ran from the officers.

Defendant was subsequently indicted for first-degree burglary, possession of burglary tools, and habitual felon status. At his trial in March 2004, the evidence showed that the residence had a storm door and a wooden front door with three diagonal glass panes across the top of the wooden door. The State presented evidence that one of defendant's fingerprints was found on the exterior of the wooden front door to the Coleman house. Additionally, one of the panes of glass in the door was broken completely through, and glass was found both inside and outside the door. Although the edges of the broken window were "jagged," no blood was found. The exterior of the wooden door was damaged, but the interior of the door showed no damage, and none of the fingerprints on the inside of the door matched defendant's. Defendant testified that he had been at the Coleman house that night with an acquaintance, Artis Barber, but had not participated when Mr. Barber attempted to break into the house. Defendant further stated that he had slept very little in the days preceding the attempted break-in and had smoked crack cocaine and consumed at least a liter of Richard's Wild Irish Rose wine on the night in question.

At the conclusion of the trial, the jury found defendant guilty of first-degree burglary and possession of implements of housebreaking. The verdict sheet also listed the lesser-included offenses of attempted first-degree burglary, felonious breaking or entering, and non-felonious breaking or entering. Defendant pled guilty to habitual felon status.

On writ of certiorari to the Court of Appeals, the panel unanimously found no prejudicial error in defendant's conviction for possession of implements of housebreaking, but split with respect to the conviction for first-degree burglary with the majority voting to reverse and the dissenting judge voting no error. The State appealed to this Court based on the dissenting opinion.

In ruling on a defendant's motion to dismiss for insufficiency of the evidence, the trial court must determine "only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996) (citing *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Vause*, 328 N.C. at 236, 400 S.E.2d at 61). The trial court " 'must consider the evidence in the light most favorable to the State and the State is entitled to every rea-

sonable inference to be drawn from that evidence.' " *Id.* at 73, 472 S.E.2d at 926 (quoting *State v. Saunders*, 317 N.C. 308, 312, 345 S.E.2d 212, 215 (1986)).

Moreover, "[c]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988) (citing *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956). In order to be submitted to the jury for determination of defendant's guilt, the "evidence need only give rise to a reasonable inference of guilt." *Id.* (citations omitted). A motion to dismiss should be granted, however, "where the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt or conjecture since there would still remain a reasonable doubt as to defendant's guilt." *Id.* (citations omitted).

Burglary is a common-law offense defined in North Carolina as "the breaking and entering of a dwelling house of another in the nighttime with the intent to commit a felony therein." *State v. Williams*, 314 N.C. 337, 355, 333 S.E.2d 708, 720 (1985) (citation omitted); *see also* N.C.G.S. § 14-51 (2005). Regarding the element of entry, "the least entry with the whole or any part of the body, hand, or foot, or with any instrument or weapon, introduced for the purpose of committing a felony, is sufficient to complete the offense." *Black's Law Dictionary* 478 (5th ed. 1979); *see also State v. Gibbs*, 297 N.C. 410, 418-19, 255 S.E.2d 168, 174 (1979) (approving language stating that entry in the law of burglary " 'is not confined to the intrusion of the whole body, but may consist of the insertion . . . . into the place broken the hand, the foot, or any instrument with which it is intended to commit a felony' " (quoting 13 Am. Jur. 2d *Burglary* § 10 (1964))).

The State's appeal is based on the dissenting opinion in the Court of Appeals, and that opinion addressed only the element of identity of defendant as the perpetrator of the offense. Thus, pursuant to Rule 16(b) of the Rules of Appellate Procedure, the only issue properly before this Court is whether the Court of Appeals erred in holding that the State presented insufficient evidence that defendant was the perpetrator of the first-degree burglary to withstand defendant's motion to dismiss. We hold that the majority of the Court of Appeals erred on this issue.

The evidence tended to show that defendant's fingerprint was found on the outside of the exterior wooden door just under a broken windowpane. Defendant was found by police in the backyard of the

residence, and at the time defendant was attempting to escape over a fence at the top of an embankment. Defendant's hand was bloody, and he had in his possession tools that would be useful in breaking and entering. Upon being apprehended, defendant said that he did not know the house was occupied. The Colemans had never seen defendant and had never invited him into their home. This evidence was sufficient to support a reasonable inference that defendant was the perpetrator of the crime and to withstand a motion to dismiss.

However, this Court cannot determine the proper disposition of the Court of Appeals' decision on account of inconsistencies in both the majority and dissenting opinions.

The Court of Appeals' majority first stated that "because we find that the State failed to present substantial evidence that Defendant James Allen Turnage, Jr. either entered the residence in question *or* was the perpetrator of an entry if it did occur, we reverse his conviction for first-degree burglary." *State v. Turnage*, 190 N.C. App. 123, 124-25, 660 S.E.2d 129, 131 (2008) (emphasis added). However, later in its discussion of the burglary charge, the majority stated:

> Although the fact of entry may be a reasonable inference from the broken glass, in that a body part or instrument may have crossed the plane of the door at the moment the glass broke, the State did not offer proof that it was Defendant who committed the entry, aside from a single thumbprint that was on the exterior of the door. Taken together, this evidence gives rise to mere speculation, "sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator[.]"

*Id.* at 128, 660 S.E.2d at 133 (citation omitted).

These two statements are conflicting; hence this Court cannot ascertain whether the basis for the majority's reversal of the burglary conviction was limited to insufficiency of the evidence as to identity of the perpetrator as suggested by the first sentence in the indented quotation or whether the basis was insufficiency of the evidence as to both the element of entry and identity of the perpetrator as suggested by the second sentence in the indented quotation.

Assuming without deciding, that, as a matter of law, the fact of entry for purposes of burglary may be established by an instrument crossing the plane of the door at the moment the glass broke, the conclusive second sentence does not comport with a correct application

STATE v. TURNAGE

[362 N.C. 491 (2008)]

of the test for a motion to dismiss based on insufficient proof of entry. Under the long-established test for a motion to dismiss as outlined above, if, as a matter of law, the evidence of broken glass permits a reasonable inference of the fact of entry "in that a body part or instrument may have crossed the plane of the door at the moment the glass broke," *id.*, then the evidence of entry was sufficient to submit to the jury and to withstand a motion to dismiss as to that element of burglary. Thus, the two statements in the above indented quotation cannot lie down together.

The dissenting opinion in the Court of Appeals addressed only the question of the sufficiency of the evidence as to the identity of defendant as the perpetrator of the offense, but the dissenting judge stated that in her opinion, "defendant received a fair trial free from error, prejudicial or otherwise," *Turnage*, 190 N.C. App. at 131, 660 S.E.2d at 134 (Bryant, J., concurring in part and dissenting in part), and that she would "hold no error in the denial of defendant's motion to dismiss the charge of first-degree burglary," *id.* at 131, 660 S.E.2d at 135. The dissenting judge does not indicate whether she concurs or dissents from the majority opinion on the issue of entry, stating only that "[t]he majority reasons this 'gives rise to mere speculation . . . "[as to] the identity of the defendant as the perpetrator[,]" ' and on this ground holds defendant's motion to dismiss should have been allowed." *Id.* at 127, 660 S.E.2d at 135 (brackets in original) (citation omitted). The dissenting opinion's use of an ellipsis for the words " 'as to either the commission of the offense or' " in the majority opinion leaves this Court to speculate as to how the dissenting judge interpreted the majority opinion on the issue of entry.

Accordingly, as to the only issue before this Court on the State's appeal of right, namely, the sufficiency of the evidence as to defendant's identity as the perpetrator of the offense if a burglary occurred, the decision of the Court of Appeals is reversed, and the case is remanded to that court for reconsideration of the sufficiency of the evidence on the element of entry for purposes of first-degree burglary and defendant's remaining assignments of error in light of this holding. Defendant's convictions for possession of implements of housebreaking and habitual felon status are not before this Court and remain undisturbed.

REVERSED IN PART AND REMANDED.