STATE OF NORTH CAROLINA v. WILLIAM GEOFFERY THACKER

No. COA08-1090

(Filed 21 April 2009)

**1. Sexual Offenses— second-degree sexual offense—anal intercourse**

The trial court did not err by denying defendant's motion to dismiss the charge of second-degree sexual offense where there was substantial evidence that defendant had anal intercourse with another person by force and against that person's will.

**2. Appeal and Error— plain error review—discretion of court**

The Court of Appeals did not exercise its discretion to review as plain error the issue of whether the trial court should have instructed on sexual battery as a lesser-included offense of second-degree sexual offense where defendant did not object to the instructions at trial, request an instruction on a lesser-included offense, or allege that the instructions amounted to plain error.

Appeal by defendant from judgment entered 13 March 2008 by Judge Paul C. Ridgeway in Alamance County Superior Court. Heard in the Court of Appeals 6 April 2009.

*Roy Cooper, Attorney General, by Jane Ammons Gilchrist, Assistant Attorney General, for the State.*

*Duncan B. McCormick, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant appeals from a judgment entered upon jury verdicts finding him guilty of one count of second-degree sexual offense and

STATE v. THACKER

[196 N.C. App. 512 (2009)]

two counts of assault on a female. In the two assignments of error brought forward in his brief, defendant argues the trial court erred by (1) denying, at the close of the State's evidence and at the close of all the evidence, his motions to dismiss the sexual offense charge for insufficient evidence, and (2) not instructing the jury on the offense of sexual battery, which defendant contends is a lesser-included offense of second-degree sexual offense.

[1] First, it is of course well-settled that by offering evidence following the trial court's denial of a motion to dismiss at the close of the State's evidence, a defendant waives review of the trial court's denial of that motion. N.C. Gen. Stat. § 15-173 (2007); N.C.R. App. P. 10(b)(3) (2009); *State v. Bruce*, 315 N.C. 273, 280, 337 S.E.2d 510, 515 (1985). Accordingly, we only review whether the trial court erred by denying the motion made at the close of all the evidence. To answer this question, we consider the evidence in the light most favorable to the State and allow every reasonable inference which can be drawn from the evidence in order to determine if there was substantial evidence of each element of the offense charged. *State v. Taylor*, 362 N.C. 514, 538, 669 S.E.2d 239, 261 (2008); *see also State v. Turnage*, 362 N.C. 491, 493, 666 S.E.2d 753, 755 (2008) (defining "substantial evidence"). The elements of second-degree sexual offense in this case are (1) sexual act, (2) against the will and without the consent of another person, and (3) using force sufficient to overcome any resistance of the other person. N.C. Gen. Stat. § 14-27.5(a)(1) (2007); *State v. Jones*, 304 N.C. 323, 330, 283 S.E.2d 483, 487 (1981); *see also* N.C. Gen. Stat. § 14-27.1(4) (2007) (defining "sexual act").

Defendant testified at trial that he had anal intercourse, a "sexual act," with another person. Defendant contends on appeal that there was insufficient evidence that he engaged in this act by force and against the other person's will. The woman with whom defendant acknowledged having anal intercourse testified as follows:

[Defendant] told me we need to talk, we need to go upstairs right now, we need to talk. And so I was like okay. We went upstairs. And he slapped me in the face and called me a bitch . . . . He pushed me down on the bed and . . . . [h]e told me that we were going to have sex. I told him I didn't want to 'cause Crystal was downstairs. . . . I was crying, and I told him I didn't want to do it. And I did it anyways because I didn't want to fight about it. . . . Then he told me he wanted to stick it in my . . . butt, and I said no I didn't want to because it was hurt, it was going to hurt and it

wasn't natural. . . . He did it anyways, and I was crying 'cause it hurt. And he put a pillow over my face, and I couldn't breath [sic] and I guess he knew I couldn't breath [sic]. So he took it off of my face, and then he put his hand on my face, and he told me that if Crystal heard me crying, it was going to be some shit. And I bit his hand, and he moved his hand off of my face.

The woman testified that she was crying the entire time she was upstairs with defendant. The woman also testified that, on other occasions, defendant hit her when she told him she did not want to have intercourse and that she did not leave the room either after defendant told her he wanted to have sex or after defendant told her he wanted to have anal intercourse because she "didn't want to be hurt anymore." A police officer who interviewed the woman afterwards testified that the woman said defendant had "forced" her to have sex with him and had "raped" her. We conclude that there was substantial evidence that defendant had anal intercourse with another person by force and against that person's will. This assignment of error is overruled.

[2] Second, it is equally well-settled that a defendant may not challenge a trial court's failure to instruct a jury on lesser-included offenses when the defendant did not object to the instructions given and did not request instructions on lesser offenses. N.C.R. App. P. 10(b)(2) (2009); *State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993). In such instances, a defendant may challenge jury instructions by specifically and distinctly contending that the instructions amount to plain error. N.C.R. App. P. 10(c)(4) (2009). In the absence of a proper assignment of error, an appellate court nevertheless has the discretion to review jury instructions for plain error. *State v. Cummings*, 361 N.C. 438, 469, 648 S.E.2d 788, 807 (2007), *cert. denied,* —— U.S. ——, 170 L. Ed. 2d 760 (2008).

Defendant does not assert, and the record on appeal does not reveal, that he either objected to the trial court's instructions or requested an instruction on a lesser-included offense. Defendant does not allege that the trial court's instructions amount to plain error. We do not exercise our discretion to review the instructions for plain error. *See State v. Pettis*, 186 N.C. App. 116, 120, 651 S.E.2d 231, 233-34 (2007) (stating that, because the offense of sexual battery includes a purpose element, sexual battery is not a lesser-included offense of second-degree rape), *disc. review denied*, 362 N.C. 369, 662 S.E.2d 387, *cert. denied,* —— U.S. ——, 172 L. Ed. 2d 337 (2008). This assignment of error is dismissed.

NO ERROR.

Judges CALABRIA and STEELMAN concur.