STATE OF NORTH CAROLINA
v.
ALEX LEVON BASNIGHT.
No. COA08-1457.
Court of Appeals of North Carolina.
Filed July 7, 2009.
This case not for publication
Roy Cooper, Attorney General, by Brian R. Berman, Assistant Attorney General, for the State.
Rudolph A. Ashton, III, and Charles K. McCotter, Jr., for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon a jury verdict finding him guilty of robbery with a dangerous weapon. The trial court sentenced defendant to a term of 77 to 102 months imprisonment. We find no error.
By his first and third assignments of error, defendant argues that the trial court erred in denying his motions to dismiss for insufficient evidence. In considering a motion to dismiss for insufficient evidence, the trial court must only decide "`whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" State v. Turnage, 362 N.C. 491, 493, 666 S.E.2d 753, 755 (2008) (quoting State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). Defendant does not argue that the State failed to present substantial evidence of each essential element of the offense charged, but contends the only evidence of his identity as the perpetrator thereof consisted of his extrajudicial confession. Accordingly, defendant argues, the corpus delicti rule prevents his conviction in this case. However, defendant misapprehends the rule of corpus delicti, which seeks to "guard against the possibility that a defendant will be convicted of a crime that has not been committed." State v. Parker, 315 N.C. 222, 235, 337 S.E.2d 487, 494 (1985); see also State v. Smith, 362 N.C. 583, 589-92, 669 S.E.2d 299, 303-07 (2008) (reciting the rule's history and application under North Carolina law). There is no dispute in this case that the State presented substantial evidence that the crime was committed. This evidence, coupled with defendant's extrajudicial confession, is sufficient to support a conviction. State v. Franklin, 327 N.C. 162, 174, 393 S.E.2d 781, 788 (1990) ("Evidence of corpus delicti coupled with the testimony of a cell mate relating inculpatory statements made by the defendant is sufficient to support a conviction."). Accordingly, these assignments of error are overruled.
By his second assignment of error, defendant argues that the trial court erred in denying defendant's motion for a mistrial. A trial judge must declare a mistrial "if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061 (2007). "The decision to grant or deny a mistrial lies within the sound discretion of the trial court and is `entitled to great deference since [the trial court] is in a far better position than an appellate court to determine the effect of any [misconduct] on the jury.'" State v. Taylor, 362 N.C. 514, 538, 669 S.E.2d 239, 260 (2008) (quoting State v. Thomas, 350 N.C. 315, 341, 514 S.E.2d 486, 502, cert. denied, 528 U.S. 1006, 145 L. Ed. 2d 388 (1999)).
Defendant sought a mistrial at the conclusion of the trial's first day. As the jury left the courtroom for that day's afternoon recess, a uniformed police officer, apparently seated in the gallery, shook hands with two jurors. Defendant argued to the trial court that, "because of that intimate contact, [the two jurors] will be afraid to return a verdict of not guilty."
After examining the officer, the trial court announced the following findings of fact from the bench:
[T]his was inadvertent contact, that the contact had nothing to do with this case, that the contact did not result in any improper conversations taking place regarding the case, that [the officer] is not a witness in this case, has not testified, and that the inadvertent contact did not have any impact on the jurors' duty in this case as jurors.
Upon these findings, the trial court concluded "as a matter of law that this contact was not one in which serious issues arise regarding the performance of the jurors in this case or regarding their impartiality or regarding their ability to be fair and impartial." The trial court denied defendant's motion for a mistrial.
Defendant has not shown to the satisfaction of this Court either that the trial court abused its discretion in denying defendant's motion or that defendant was prejudiced by the trial court's ruling. Defendant argues that the court erred because the officer was listed as a witness for the State and because the officer had "knowledge and information about the case." Defendant also argues that he was prejudiced because the case hinged on the credibility of defendant's trial testimonycontradicted by a police officerthat he did not sign the extrajudicial confession. Defendant argues that "[a] uniformed officer greeting jurors might tend to boost the credibility of another officer." Nonetheless, we conclude that the officer's contact with the jurors was not such a serious impropriety that made it "impossible to attain a fair and impartial verdict under the law." See State v. Blackstock, 314 N.C. 232, 243-44, 333 S.E.2d 245, 252 (1985). Accordingly, this assignment of error is overruled.
To the extent defendant asserts the denial of his motion for a mistrial violated his constitutional rights, defendant neither asserted constitutional error before the trial court nor assigned error to such issue on appeal. Accordingly, defendant "waived his right to appellate review of this issue." See State v. Smith, 352 N.C. 531, 557-58, 532 S.E.2d 773, 790 (2000), cert. denied, 532 U.S. 949, 149 L. Ed. 2d 360 (2001).
No error.
Judges STEPHENS and HUNTER, JR. concur.
Report per Rule 30(e).