An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-892

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.

CHARLES DOUGLAS BROWNING, JR.
        Defendant.

Franklin County
Nos. 12 CRS 50024
     12 CRS 50025

Appeal by defendant from judgments entered 3 October 2012 by Judge James E. Hardin, Jr. in Franklin County Superior Court. Heard in the Court of Appeals 8 January 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Kevin P. Bradley for defendant-appellant.*

GEER, Judge.

Defendant appeals from his convictions of trafficking in marijuana by possession, trafficking in marijuana by manufacture, intentionally maintaining a dwelling for keeping a controlled substance, and possession of drug paraphernalia. We hold that the State did not produce substantial evidence that the marijuana seized weighed more than 10 pounds, and therefore we dismiss the marijuana trafficking convictions and remand for

entry of judgment on the lesser included offenses. We also vacate the judgment entered on the conviction for maintaining a dwelling for keeping a controlled substance because that was a charge for which defendant was not indicted.

## Facts

The State's evidence tended to show the following facts. On 30 December 2011, pursuant to a valid search warrant, Captain William Mitchell and Detective Justin Hastings, of the Franklin County Sheriff's Department, entered defendant's residence to search for marijuana.

The officers found marijuana growing in three rooms of the house and seized 85 plants at various stages of maturity ranging from seedlings to three-foot-tall plants. The officers seized the growing plants, cutting them off a few inches above the root ball and putting the whole plants in a large paper bag. They took the plants to the Post Office to weigh and determined that the marijuana plants weighed 10.05 pounds. The police additionally seized processed marijuana weighing 37.2 grams.

On 27 February 2012, defendant was indicted for trafficking in marijuana by possession, trafficking in marijuana by manufacture, knowingly and intentionally keeping and maintaining a dwelling for the purpose of using controlled substances, and

possession of drug paraphernalia. When the case proceeded to trial, defendant chose to represent himself.

The jury returned guilty verdicts on all four charges. The trial court consolidated the marijuana trafficking charges and sentenced defendant to 25 to 30 months imprisonment. The court then imposed a consecutive sentence of six to 17 months imprisonment for the consolidated charges of maintaining a dwelling and possession of drug paraphernalia, but suspended the sentence and placed defendant on probation for 30 months following the conclusion of his active sentence for the trafficking charges. Defendant timely appealed to this Court.

I

Defendant first argues that the trial court erred in denying his motion to dismiss the trafficking in marijuana charges. "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). "This Court reviews the trial court's denial

of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). We must "consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994). "A motion to dismiss should be granted, however, when 'the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt or conjecture since there would still remain a reasonable doubt as to defendant's guilt.'" *State v. McDowell*, ___ N.C. App. ___, ___, 720 S.E.2d 423, 424 (2011) (quoting *State v. Turnage*, 362 N.C. 491, 494, 666 S.E.2d 753, 755 (2008)).

Defendant was indicted under N.C. Gen. Stat. § 90-95(h)(1) (2013), which provides that "[a]ny person who sells, manufactures, delivers, transports, or possesses in excess of 10 pounds (avoirdupois) of marijuana shall be guilty of a felony which felony shall be known as 'trafficking in marijuana[.]'" Defendant contends that the State presented insufficient

evidence of the marijuana's weight because the State weighed the marijuana plants as a whole, including the mature stalks, which are excluded from the statutory definition of marijuana.

N.C. Gen. Stat. § 90-87(16) (2013) provides:

> "Marijuana" means all parts of the plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, *but shall not include the mature stalks of such plant*, fiber produced from such stalks, oil, or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

(Emphasis added.) "Those parts of the plant not included in the statutory definition of marijuana, such as the mature stalks and sterilized seeds, are necessarily not to be included in the weight of the marijuana when determining a trafficking charge." *State v. Gonzales*, 164 N.C. App. 512, 515, 596 S.E.2d 297, 299 (2004), *aff'd per curiam*, 359 N.C. 420, 611 S.E.2d 832 (2005). *See also State v. Manning*, 184 N.C. App. 130, 138, 646 S.E.2d 573, 578 (2007) ("Under the statute, 'mature stalks and sterilized seeds' are not 'marijuana.'" (quoting *Gonzales*, 164 N.C. App. at 515, 596 S.E.2d at 299)).

"Proving the weight of the marijuana is an element of the trafficking offense" which the State has the burden of proving at trial beyond a reasonable doubt. *Gonzales*, 164 N.C. App. at 515, 596 S.E.2d at 299. On the other hand, the burden is on the defendant to make an affirmative showing "that any part of the seized matter is not 'marijuana' as defined. In such a case where the defendant does come forth with evidence that the State's offered weight of the marijuana includes substances not within the definition (e.g., mature stems or sterile seeds), it then becomes the jury's duty to accurately 'weigh' the evidence." *Id.* at 516, 596 S.E.2d at 300.

"[I]n order to prove the element of weight of the marijuana in question, [the State] must either offer evidence of its actual, measured weight or demonstrate that the quantity of marijuana itself is so large as to permit a reasonable inference that its weight satisfied this element." *State v. Mitchell*, 336 N.C. 22, 28, 442 S.E.2d 24, 27 (1994). This Court has found the State's evidence sufficient to defeat a motion to dismiss when the State produced evidence that the measured weight of the marijuana met the statutory minimum, and the defendant failed to make an affirmative showing that the weight included substances excluded from the statutory definition of marijuana. *See State v. Anderson*, 57 N.C. App. 602, 608, 292 S.E.2d 163, 167 (1982)

(holding State's evidence that marijuana weighed 700 pounds more than the statutory minimum of 2,000 pounds was substantial evidence when defendant did not offer any evidence that "the stalks were mature and, if so, whether the weight of the mature stalks could possibly reduce the total weight of the 'marijuana' below 2,000 pounds").

More recently, this Court has concluded that even when the defendant has presented evidence that the weight included portions of the plants not considered marijuana, the State's evidence is sufficient when the jury, after subtracting the excluded portions of the plants based on the defendant's evidence, could still conclude that the weight exceeded the statutory minimum. *See Manning*, 184 N.C. App. at 139, 646 S.E.2d at 578-79 (holding evidence marijuana weighed 25.5 pounds, well in excess of the statutory minimum of 10 pounds, was substantial because "[u]sing defendant's expert's estimate that forty percent of the plant material was mature stalk, the total weight of the remaining marijuana would be 15.3 pounds, more than the ten pound minimum required by the statute").

However, there are limits to what a jury may reasonably infer from evidence presented by the parties. "When determining whether an element exists, the jury may rely on its common sense and the knowledge it has acquired through everyday experiences."

*Mitchell*, 336 N.C. at 29, 442 S.E.2d at 28. By the same token, "[t]he jury may not find the existence of a fact based solely on its in-court observations where the jury does not possess the requisite knowledge or expertise necessary to infer the fact from the evidence as reflected in the record." *Id.* For example, "the weight of a given quantity of marijuana is not a matter of general knowledge and experience." *Id.* at 30, 442 S.E.2d at 28.

In *Mitchell*, our Supreme Court concluded that the State presented insufficient evidence that the marijuana exceeded the minimum weight of one and one half ounces necessary to support a conviction of felony possession of marijuana under N.C. Gen. Stat. § 90-95(d)(4) (1994). 336 N.C. at 30, 442 S.E.2d at 28. The State introduced into evidence (1) two bags of marijuana seized by the store clerk, and (2) "the clerk's testimony that she observed the bags sticking out of defendant's shirt pocket by approximately four inches." *Id.* at 28, 442 S.E.2d at 27. The State did not present any evidence of the measured weight of the marijuana. The Court concluded that a finding by a juror as to the weight of the marijuana based solely on being able to visually observe the bags and testimony that the bag stuck out four inches from the defendant's pocket was unreliable. *Id.* at 30, 442 S.E.2d at 28.

The Supreme Court agreed with the reasoning of Judge Clifton Johnson's dissent from the opinion filed in this Court:

> While jurors may and do rely on their five senses and their life experience in deciding the facts from the evidence placed before them, I would not place a defendant in jeopardy of a felony conviction based on the jury's perception of the total weight of dried vegetable material contained in two small plastic bags -- material with which the jurors presumably have little or no experience, either in handling generally or in the weighing of it. Most people, in fact, do not have experience dealing in ounces of anything, much less a substance with the specific density and bulk of marijuana.

*Id.*

Here, the State presented the testimony of Detective Hastings that the police seized 85 plants total, up to three feet tall and in various stages of maturity. Each plant was cut "above the root ball, or to the lowest shoot or stalk that's sticking out of . . . the main stalk." In addition, "[a]ll the plants from the seedlings to the three foot tall plants were all placed in the same bag" and taken directly to the post office to be weighed. Subtracting the weight of the bag from the total weight of the plants, the bagged plants weighed 10.05 pounds. Additionally, the police seized processed marijuana that weighed 37.2 grams.[1]

---

[1] .082 pounds or 1.31 ounces.

On cross-examination, Detective Hastings stated that of the 85 plants seized, approximately 20 to 30 were mature plants. He further admitted that because they put each whole plant in the bag, the bag included "mature stalks" of the mature plants. Finally, at defendant's request, the marijuana was laid out on the courtroom floor so that the jury could view it.

In sum, the State's evidence showed that the total weight of all the marijuana seized was 10.13 pounds -- only 2.08 ounces above the statutory threshold of 10 pounds. Defendant, however, made "an affirmative showing of a specific exclusion to the definition" of marijuana -- that the weight included at least 20 mature stalks. *Gonzales,* 164 N.C. App. at 521, 596 S.E.2d at 303. The State's evidence as to weight, therefore, consisted of a showing that the total gross weight of the plants seized, including at least 20 mature stalks that were not marijuana, exceeded the statutory minimum by barely more than two ounces. Consequently, in order to infer that the marijuana weighed over 10 pounds, the jury was required to conclude, based only on their visual observations, that the mature stalks they observed weighed less than two ounces.

Under these circumstances, this case is analogous to *Mitchell*. Although here, unlike in *Mitchell*, the State presented evidence of the marijuana's total gross measured

weight, defendant also made an affirmative showing that at least part of the weight should be excluded: the weight of the mature stalks. As a result, the ultimate task of the jury, in this case, hinged on its ability to infer the weight of the mature stalks of marijuana based solely on a visual inspection. The trial court thus "place[d] a defendant in jeopardy of a felony conviction based on the jury's perception of the total weight of dried vegetable material . . . material with which the jurors presumably have little or no experience, either in handling generally or in the weighing of it." 336 N.C. at 30, 442 S.E.2d at 28.

Unlike *Anderson*, where the State presented evidence that the weight was 700 pounds above the statutory threshold, or *Manning*, where the weight exceeded the minimum by 15.5 pounds, here, the weight exceeded the statutory minimum by only two ounces. As this Court has previously noted, "[t]he weight element becomes more critical as the State's evidence of weight approaches the minimum weight charged." *Gonzales*, 164 N.C. App. at 515, 596 S.E.2d at 299. We find that under these circumstances, the State failed to produce substantial evidence that the seized marijuana weighed over 10 pounds.

The State argues, however, that defendant failed to meet his burden of showing that the weight included "mature stalks"

within the meaning of the statute. However, Detective Hastings testified that 20 to 30 plants were mature, that he put the "whole plant" into the bag, and that the "whole plant" of the mature plants necessarily then included the mature stalks of that plant. This evidence was sufficient to show that the State's evidence of weight included matter that is excluded from the definition of marijuana.

Nonetheless, the State cites *Manning* for the proposition that "[o]nce defendant offers evidence tending to show the total weight may have included mature stalks, the burden does not shift to the State for further evidence," but rather, "[t]he issue of the 'weight' of the marijuana becomes one for the jury." 184 N.C. App. at 138, 646 S.E.2d at 578. In *Manning*, however, in contrast to this case, the jurors had evidence -- the testimony of the defendant's own expert witness -- that gave them a basis other than simply their own experience on which to determine the weight of the seized marijuana separate from the mature stalks. This case more resembles *Mitchell* than *Manning*.

We, therefore, conclude that the trafficking judgments should be vacated and the case remanded to the superior court for entry of judgment and sentencing on the lesser included offenses of possession and manufacturing of marijuana. *See Mitchell*, 336 N.C. at 30, 442 S.E.2d at 28 ("Since the record

does not reflect that the State produced sufficient evidence that the marijuana exceeded one and one-half ounces, the conviction for possession of more than one and one-half ounces of marijuana is reversed.  The case is remanded to the Court of Appeals for further remand to the trial court for resentencing as if defendant had been convicted of simple possession of marijuana.").

II

Defendant next argues that the trial court committed plain error by failing to instruct the jury to disregard Detective Hasting's erroneous interpretation of the statutory definition of marijuana.  Even assuming *arguendo* that the trial court committed error, defendant cannot, as a matter of law, show that he was prejudiced.

Under the doctrine of invited error, "[a] defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct."  N.C. Gen. Stat. § 15A-1443(c) (2013).  "Statements elicited by a defendant on cross-examination are, even if error, invited error, by which a defendant cannot be prejudiced as a matter of law."  *State v. Gobal*, 186 N.C. App. 308, 319, 651 S.E.2d 279, 287 (2007), *aff'd per curiam*, 362 N.C. 342, 661 S.E.2d 732 (2008).

Here, during his presentation of evidence, defendant re-called Detective Hastings to the stand. Defendant asked Detective Hastings to read the statutory definition of marijuana in N.C. Gen. Stat. § 90-87(16) out loud, and then asked Detective Hastings what he thought the statute meant. Detective Hastings replied that

> My interpretation -- my opinion of that -- of -- of what this is meaning, is stalks. What we seized were plants, not stalks. I left stalks at the -- 206 Fox Ridge Road. There is pictures of stalks. We did not collect stalks. We collected plants. All parts of the plants. It was connected.
>
> They are all -- it's all one big plant.

Although defendant attempted to explain to Detective Hastings that the seized plants did in fact include mature stalks, Detective Hastings insisted on his interpretation. In the end, they agreed to disagree:

> Q. Okay. But . . . mature stalks are not included within . . . the statutory definition, therefore, it should not be included in that evidence.
>
> A. That's your opinion.
>
> Q. That . . . would be my opinion.
>
> A. Okay. Our opinions differ, sir.
>
> Q. Okay.

Defendant did not object to Detective Hastings' testimony or move to strike his responses.

At defendant's request, the jury instructions included the statutory definition of marijuana. Defendant did not request special jury instructions and did not object to the instructions given. The statutory definition is clear that marijuana does not include the mature stalks of the plant. Any confusion as to the definition was caused by the erroneous interpretation offered by Detective Hastings that was elicited by defendant himself. Under the doctrine of invited error, defendant, as a matter of law, cannot show that he was prejudiced by the trial court's failure to correct the erroneous interpretation of law elicited by defendant.

## III

Finally, defendant contends that the trial court committed plain error by submitting a charge to the jury for which he was not indicted. The State concedes that this was prejudicial error.

Defendant was indicted under N.C. Gen. Stat. § 90-108(a)(7) (2013), which provides that it shall be unlawful

> [t]o knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]

"There are thus two theories under which the State may prosecute a defendant under N.C.G.S. § 90-108(a)(7)." *Mitchell*, 336 N.C. at 31, 442 S.E.2d at 29. The statute makes it unlawful to knowingly keep a dwelling house for two prohibited purposes: (1) for the purpose of using controlled substances, or (2) for the keeping or selling of controlled substances. *Id.* Here, defendant was only indicted under the first theory: for maintaining a dwelling house for the purpose of *using* controlled substances. However, the jury returned a verdict of guilty for the charge of "intentionally maintaining a dwelling for *keeping* a controlled substance." (Emphasis added.)

"Our Supreme Court has 'consistently held that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon a theory not supported by the bill of indictment.'" *State v. Sergakis*, __ N.C. App. __, __, 735 S.E.2d 224, 227 (2012) (quoting *State v. Brown*, 312 N.C. 237, 248, 321 S.E.2d 856, 863 (1984)), *disc. review denied*, 366 N.C. 438, 736 S.E.2d 487 (2013). Because the trial court convicted on a theory not supported by the indictment, we vacate the consolidated judgment of maintaining a dwelling and possession of drug paraphernalia and remand solely for sentencing on the possession of drug paraphernalia charge.

Reversed and remanded.

Judges BRYANT and CALABRIA concur.

Report per Rule 30(e).