An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-715

Filed 17 September 2025

Cumberland County, No. 17CRS062793-250

STATE OF NORTH CAROLINA

      v.

CHARLES LAMONT COTTINGHAM, Defendant.

Appeal by defendant from judgments entered 26 October 2022 by Judge Patrick Thomas Nadolski in Cumberland County Superior Court. Heard in the Court of Appeals 20 March 2024.

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Daniel Shatz for the defendant-appellant.* [1]
>
> *Attorney General Jeff Jackson, by Special Deputy Attorney General Michael T. Henry, for the State.*

GORE, Judge.

Defendant Charles Lamont Cottingham appeals judgment entered upon a jury's verdict convicting him of first-degree murder for the death of Kristen Lee Stone.

---

[1] After the heard date in this matter, the Appellate Defender was allowed to substitute for Defendant's original appointed appellate counsel who had withdrawn after filing Defendant's principle appellate brief. The Appellate Defender was also allowed to file a reply brief in the Fall 2024, well after the heard date, which we considered in our review.

**I.**

On 10 August 2016, fishermen discovered the body of Ms. Stone in the Cape Fear River in Cumberland County. Defendant was the last person known to have seen Ms. Stone alive.

Defendant was indicted for Ms. Stone's murder. A jury convicted Defendant of first-degree murder. The trial court entered judgment consistent with the jury's verdict, sentencing Defendant to life imprisonment without the possibility of parole. Defendant appeals of right pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1444(a).

**II.**

Defendant makes three arguments on appeal, which we address in turn.

**A. Sufficiency of the State's Evidence**

In his first argument, Defendant contends the trial court erred by denying his motion to dismiss. Specifically, Defendant argues that the State failed to present sufficient evidence that he murdered Ms. Stone.

In considering a defendant's motion to dismiss, a trial court must view the "evidence in the light most favorable to the State," with any contradictions and discrepancies resolved in the State's favor. *State v. Turnage*, 362 N.C. 491, 493–94 (2008). We review a trial court's denial of a defendant's motion to dismiss de novo. *State v. Dover*, 381 N.C. 535, 547 (2022).

The evidence at trial, viewed in the light most favorable to the State, tends to show as follows:

In 2004, Defendant was convicted of felony sexual assault in Alaska and sentenced to 13 years imprisonment with 7 years suspended and a probation term of 10 years. His conviction was based on evidence that he hired a prostitute for sex, took her to a remote location, exchanged money for sex, and then strangled her unconscious after threatening her by knifepoint to retake his money.

In May 2016, Defendant was pulled over by a law enforcement officer in Hoke County for a traffic violation. During the stop, the officer saw Ms. Stone, a passenger in Defendant's car, visibly upset. The officer questions Ms. Stone during the stop out of Defendant's presence. Ms. Stone told the officer that Defendant had hired her to come to his home, he took her to a remote location, and he forced her to perform oral sex at gun point. The officer found an airsoft pistol resembling a real gun in Defendant's back seat. Based on the stop, Defendant was charged with felony sexual assault and felony kidnapping. If convicted of these crimes, Defendant faced the possibility that his Alaska probation would be revoked.

On 7 August 2017, prior to Defendant's trial for the Hoke County incident, Defendant exchanged texts and phone calls with Ms. Stone. During these communications, Defendant drove from Fayetteville to a motel in Greenville where Ms. Stone was staying. Surveillance cameras videoed Defendant's vehicle pull up to the motel and Ms. Stone leaving the motel and entering the vehicle. Expert analysis of cellular tower and phone data showed Defendant's and Ms. Stone's cell phones traveling from Greenville to Fayetteville. Ms. Stone's phone was eventually turned

off and never found. Ms. Stone was not seen alive again.

Three days later, on 10 August 2017, recreational fishermen discovered Ms. Stone's body in the Cape Fear River downstream from the Fayetteville Outer Loop bridge (Interstate 695). There is no evidence that anyone else saw Ms. Stone alive after Defendant picked her up three days prior at the Greenville motel. Ms. Stone's body had evidence of decomposition consistent with being in the river for three days. There was a zip tie on one of Ms. Stone's wrists. Defendant's ex-wife found inside of her car that Defendant sometimes used a package of zip ties consistent with the zip tie found on Ms. Stone's body. After Ms. Stone's death, Defendant confessed to someone during a casual conversation that he had killed someone.

In his appellate briefs, Defendant focuses on the uncertainty of the State's cell phone and tower data. We conclude, however, that the evidence, aside from the cell phone and tower data, was sufficient to lead to a reasonable inference that Defendant murdered Ms. Stone. *See State v. Stone*, 323 N.C. 447, 452-53 (1988).

**B. The State's Closing Argument**

In his second argument, Defendant contends that the trial court erred by not intervening *ex mero motu* during certain portions of the State's closing arguments. Defendant cites to statements made by the prosecutor suggesting that Defendant was being untruthful during his trial testimony and that Defendant "shouldn't get off that easy" through a conviction of a lesser crime.

We note that Defendant's trial counsel did not object at trial during the State's

closing argument. The trial court, though, must exercise discretion in deciding whether to intervene where a prosecutor's remarks are "extreme and . . . clearly calculated to prejudice the jury in its deliberations." *State v. Hardy*, 299 N.C. 445, 453 (1980).

We conclude that the statements did not rise to the level of gross impropriety where the trial court could be said to have abused its discretion by failing to intervene. *See, e.g.*, *State v. Duke*, 360 N.C. 110, 130 (2005) (prosecutor's improper statements were not "so overreaching as to shift the focus of the jury from its fact-finding function to relying on its own personal prejudices or passions").

## C. Evidence of Defendant's Pending Charges in Hoke County

In his final argument, Defendant argues that the trial court erred under Rules 403 and 404 of our Rules of Evidence by allowing the State to introduce evidence of his charges pending in Hoke County from the 2016 traffic stop.

Under Rule 404, evidence of other crimes committed by Defendant may be admissible where its relevance is for some reason other than showing Defendant's character, such as showing "motive." N.C.G.S. § 8C-1, Rule 404(b) (2023). *See also State v. Spaugh*, 321 N.C. 550, 556 (1988) (holding that evidence of Defendant's other crimes may be admissible if relevant to a fact or issue other than Defendant's character).

We conclude the evidence concerning Defendant's Hoke County charges was relevant to show that Defendant had a motive to kill Ms. Stone as he was facing felony

charges for his alleged assault and kidnapping of Ms. Stone. The evidence showed that if Defendant was convicted of these crimes, he faced the possibility of his suspended sentence in Alaska being activated.

Under 403, the trial court may still in its discretion keep out the evidence if it determines the evidence would be unduly prejudicial. We conclude, however, that the trial court did not abuse its discretion in deciding to allow the State to introduce the evidence concerning Defendant's Hoke County charges. *See State v. Beckelheimer*, 366 N.C. 127, 130, 133 (2012).

## III.

We conclude Defendant received a fair trial, free of reversible error.


NO ERROR.

Chief Judge DILLON concurs.

Judge COLLINS concurs in result only.

Report per Rule 30(e).