BERGER, Judge.
*103 On April 14, 2016, a Wake County jury convicted Richard Dunston ("Defendant") of trafficking opium or heroin, and maintaining a vehicle for keeping or selling controlled substances. Defendant was sentenced pursuant to N.C. Gen. Stat. § 90-95(h)(4) (2015) and received a mandatory sentence of 90 to 120 months in prison, and ordered to pay a fine of $100,000.00. Defendant does not appeal his conviction or sentence from trafficking opium or heroin, but rather contends the trial court erred in denying his motion to dismiss the charge of maintaining a vehicle for keeping or selling controlled substances. We disagree.
*104 Factual & Procedural Background
At trial, evidence tended to show that on September 6, 2013, officers with the Raleigh Police Department's Selective Enforcement Unit were conducting surveillance at a business known to have a high volume of illicit drug activity. Defendant was observed walking towards a white Cadillac in the parking lot. An individual, later identified as Defendant's *698 nephew, Darius Davis ("Davis"), was in the driver's seat of the Cadillac. Defendant began speaking with Davis, and opened a package of cigars. Defendant removed the plastic filters from the cigars, and based upon the officer's training and experience, appeared to replace the tobacco in the cigars with marijuana. Defendant then licked the paper, re-rolled, and replaced the plastic filters back on the "cigars."
Davis was observed exchanging cash in a hand-to-hand transaction with an older male he met in the parking lot. Defendant and Davis then began an extended conversation with each other, and Defendant sat in the passenger seat of the Cadillac. Davis drove away from the business, and officers initiated a traffic stop of the vehicle.
Davis consented to a search of his person, which yielded a bag of marijuana. Defendant was then removed from the vehicle and searched. Defendant had no contraband on his person, not even the "cigars" he was observed handling earlier. Officers then conducted a search of the Cadillac, leading to the discovery of an open container of alcohol under the front passenger's seat and a travel bag containing a 19.29 gram mixture of heroin, codeine, and morphine on the back seat. The travel bag also contained plastic baggies, two sets of digital scales, and three cell phones. Defendant admitted that the Cadillac and travel bag belonged to him. Officers later determined, however, that the Cadillac was owned by Defendant's former girlfriend, Latisha Thompson ("Thompson").
Thompson and Defendant dated for approximately eleven years, but the relationship ended nearly five years before the trial. She acknowledged that the Cadillac was registered in her name, but Defendant purchased, used, and maintained the car. Thompson also testified that she believed associating with Defendant was not in Davis's best interests. Defendant then asked Thompson:
[DEFENDANT]: So how-so let me ask you a question: So why would you feel that Mr. Davis was getting himself into something he didn't deserve?
[THOMPSON]: Because I knew. I was with you [for] 11 years.
*105 [DEFENDANT]: Exactly what is that supposed to mean?
....
[THOMPSON]: I knew the lifestyle. I knew what was going on.
At the close of evidence, Defendant made a general motion to dismiss, which the trial court denied. Defendant timely gave notice of appeal.
Standard of Review
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied , 531 U.S. 890, 121 S.Ct. 213, 148 L.Ed. 2d 150 (2000). Our Supreme Court has stated:
In ruling on a motion to dismiss, both the trial court and the reviewing court must consider the evidence in the light most favorable to the state, and the state is entitled to every reasonable inference to be drawn from the evidence. If there is any evidence that tends to prove the fact in issue or that reasonably supports a logical and legitimate deduction as to the existence of that fact and does not merely raise a suspicion or conjecture regarding it, then it is proper to submit the case to the jury.
State v. Artis , 325 N.C. 278, 301, 384 S.E.2d 470, 483 (1989) (citations omitted), judgment vacated on other grounds , 494 U.S. 1023, 110 S.Ct. 1466, 108 L.Ed. 2d 604 (1990).
Analysis
Defendant contends the trial court erred in denying his motion to dismiss, arguing that there was insufficient evidence to support his conviction of maintaining a vehicle *699 for keeping or selling controlled substances. A defendant may properly be convicted of maintaining a vehicle for keeping or selling a controlled substance if the State proves beyond a reasonable doubt that the defendant knowingly kept or maintained a vehicle "used for the keeping or selling of" controlled substances. N.C. Gen. Stat. § 90-108(a)(7) (2015). Defendant contends *106 that our case law establishes a bright-line rule whereby one incident of keeping or selling controlled substances is insufficient to sustain a conviction for maintaining a vehicle for keeping or selling a controlled substance. We disagree.
Our Supreme Court held in State v. Mitchell , 336 N.C. 22, 34, 442 S.E.2d 24, 30 (1994), "[t]he determination of whether a vehicle, or a building, is used for keeping or selling controlled substances will depend on the totality of the circumstances." See also State v. Dickerson , 152 N.C. App. 714, 716, 568 S.E.2d 281, 282 (2002) ("[T]he fact that a defendant was in his vehicle on one occasion when he sold a controlled substance does not by itself demonstrate the vehicle was kept or maintained to sell a controlled substance." (emphasis added)); State v. Thompson , 188 N.C. App. 102, 105-06, 654 S.E.2d 814, 817 (this Court must look at the totality of the circumstances, examining such factors as the quantity of drugs, paraphernalia found at the location, the amount of money recovered, and "the presence of multiple cellular phones or pagers" (citations omitted)), disc. rev. denied , --- N.C. ----, 662 S.E.2d 391 (2008).
When viewed in the light most favorable to the State, there was substantial evidence introduced at trial for each essential element of the offense of maintaining a vehicle for keeping or selling controlled substances, and that Defendant was the perpetrator. Here, Defendant was in the vehicle at a location known to law enforcement for a high level of illicit drug activity. Defendant was observed by law enforcement unwrapping cigars and re-rolling them after manipulating them. Based upon the law enforcement officer's training and experience, Defendant's actions were consistent with those commonly used in distributing marijuana. While in the parking lot, Davis, the driver of the vehicle, was observed in a hand-to-hand exchange of cash with another individual. When later searched by officers, Davis was discovered to have marijuana, and Defendant no longer possessed the "cigars" he was observed with earlier.
Additionally, Defendant possessed a trafficking quantity of heroin, along with plastic baggies, two sets of digital scales, three cell phones, and $155.00 in cash. Thompson, Defendant's ex-girlfriend and registered owner of the vehicle, testified that she was concerned about Defendant's negative influence on his nephew, Davis, because she "knew the lifestyle."
Based upon the totality of the circumstances, there was sufficient evidence for the jury to find Defendant knowingly kept or maintained the white Cadillac for the keeping or selling of controlled substances.
*107 Conclusion
Defendant received a fair trial, and his motion to dismiss was properly denied by the trial court.
NO ERROR.
Judge DILLON concurs with separate opinion.
Judge ZACHARY dissents with separate opinion.