IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-945

 Filed: 7 August 2018

Lenoir County, No. 15 CRS 50147

STATE OF NORTH CAROLINA

 v.

SAMUEL CALLEROS ALVAREZ

 Appeal by defendant from judgment entered 13 January 2017 by Judge

Richard Kent Harrell in Lenoir County Superior Court. Heard in the Court of

Appeals 5 March 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Anne Goco
 Kirby, for the State.

 Anne Bleyman, for defendant-appellant.

 CALABRIA, Judge.

 Samuel Calleros Alvarez (“defendant”) appeals from a judgment entered upon

a jury verdict finding him guilty of felony maintaining a vehicle for keeping or selling

controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7) (2017). After careful

review, we conclude that defendant received a fair trial, free from error.

 I. Factual and Procedural Background

 In January 2015, the Lenoir County Sheriff’s Office (“LCSO”) planned a

controlled “buy-bust” after a confidential source informed Detective Sergeant Jovani

Villagra that Miguel Goicochea-Medina was trying to sell a kilogram of cocaine. The
 STATE V. ALVAREZ

 Opinion of the Court

informant placed a recorded phone call to Goicochea-Medina, who agreed to sell the

informant one kilogram of cocaine for $41,500.00. The parties agreed to meet in the

parking lot of a Walmart in Kinston, North Carolina, on 23 January 2015 to conduct

the transaction.

 On 23 January 2015, Sergeant Villagra and the confidential informant drove

separately to the Walmart parking lot and waited for Goicochea-Medina to arrive. At

approximately 4:00 p.m., Goicochea-Medina and defendant arrived together in a

white Nissan pickup truck. Although Goicochea-Medina was driving, the vehicle was

registered to defendant’s wife, and defendant used the truck in his work as a

carpenter. Upon their arrival, both men exited the truck. After Sergeant Villagra

repeatedly requested to see “the product,” Goicochea-Medina deferred to defendant,

who informed him that “it was in the back of the pickup truck in a compartment.”

Sergeant Villagra continued to press the men to produce the cocaine. He told the men

that he had the $41,500.00 and showed them a cooler full of cash. Defendant

responded that they needed “to go to the house” in order to unload the truck and

access the cocaine, because he did not want to do it in the Walmart parking lot.

Sergeant Villagra instructed the men to follow him, and then exited the parking lot

in his vehicle. Goicochea-Medina followed Sergeant Villagra in the pickup truck, and

defendant opted to ride with the confidential informant.

 -2-
 STATE V. ALVAREZ

 Opinion of the Court

 While the men were en route to “the house,” LCSO officers stopped the pickup

truck and placed defendant and Goicochea-Medina under arrest. When a canine unit

alerted to the presence of drugs, officers searched the bed of the truck. The truck

contained a large quantity of tools and was outfitted with wooden flooring, drawers,

compartments, and paneling. Underneath the tools, the officers discovered a small,

covered compartment in the far left corner of the floor, near the cab. After uncovering

the compartment’s false bottom, the officers discovered one kilogram of cocaine

wrapped in plastic and oil.

 Defendant was subsequently indicted for trafficking in cocaine by possession

of 400 grams or more; trafficking in cocaine by delivery; trafficking in cocaine by

transportation; conspiracy to traffic by possessing, transporting, selling, or delivering

more than 400 grams of cocaine; and felony maintaining a vehicle for keeping or

selling controlled substances. On 9 January 2017, a jury trial commenced in Lenoir

County Superior Court. Defendant moved to dismiss all charges at the close of the

State’s evidence, and he renewed the motion following his own presentation of

evidence. The trial court denied defendant’s motions to dismiss, but ruled that

trafficking in cocaine by delivery would be submitted to the jury as an attempt charge.

On 13 January 2017, the jury found defendant guilty of all charges except attempted

trafficking in cocaine by delivery. The trial court sentenced defendant to 175 to 222

 -3-
 STATE V. ALVAREZ

 Opinion of the Court

months in the custody of the North Carolina Division of Adult Correction and ordered

him to pay a $250,000.00 fine.

 Defendant appeals.

 II. Motion to Dismiss

 Defendant’s sole argument on appeal is that the trial court erred by denying

his motion to dismiss the charge of felony maintaining a vehicle for keeping or selling

controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7). Specifically,

defendant contends that the State presented insufficient evidence that he kept or

maintained his pickup truck “over a duration of time” for the purpose of keeping or

selling cocaine. We disagree.

 A. Standard of Review

 In reviewing a criminal defendant’s motion to dismiss, the question for the trial

court “is whether there is substantial evidence (1) of each essential element of the

offense charged, or of a lesser offense included therein, and (2) of defendant’s being

the perpetrator of such offense. If so, the motion is properly denied.” State v. Fritsch,

351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), cert. denied, 531 U.S. 890,

148 L. Ed. 2d 150 (2000). “Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.” State v. Smith,

300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). “[T]he trial court must consider all

evidence admitted, whether competent or incompetent, in the light most favorable to

 -4-
 STATE V. ALVAREZ

 Opinion of the Court

the State, giving the State the benefit of every reasonable inference and resolving any

contradictions in its favor.” State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223

(1994), cert. denied, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

 “The test for sufficiency of the evidence is the same whether the evidence is

direct or circumstantial or both.” Fritsch, 351 N.C. at 379, 526 S.E.2d at 455.

 If the evidence presented is circumstantial, the court must
 consider whether a reasonable inference of defendant’s
 guilt may be drawn from the circumstances. Once the court
 decides that a reasonable inference of defendant’s guilt
 may be drawn from the circumstances, then it is for the
 jury to decide whether the facts, taken singly or in
 combination, satisfy it beyond a reasonable doubt that the
 defendant is actually guilty.

Id. (citation and quotation marks omitted). We review the trial court’s denial of a

criminal defendant’s motion to dismiss de novo. State v. Smith, 186 N.C. App. 57, 62,

650 S.E.2d 29, 33 (2007).

 B. Discussion

 N.C. Gen. Stat. § 90-108(a)(7) makes it unlawful for any person

 [t]o knowingly keep or maintain any store, shop,
 warehouse, dwelling house, building, vehicle, boat,
 aircraft, or any place whatever, which is resorted to by
 persons using controlled substances in violation of [the
 North Carolina Controlled Substances Act] for the
 purposes of using such substances, or which is used for the
 keeping or selling of the same in violation of [the North
 Carolina Controlled Substances Act].

 -5-
 STATE V. ALVAREZ

 Opinion of the Court

By its plain language, N.C. Gen. Stat. § 90-108(a)(7) provides “two theories under

which the State may prosecute a defendant . . . .” State v. Mitchell, 336 N.C. 22, 31,

442 S.E.2d 24, 29 (1994). In the instant case, the State prosecuted defendant under

the second theory, which requires proof “that the defendant did (1) knowingly (2) keep

or maintain (3) a vehicle (4) which is used for the keeping or selling (5) of controlled

substances.” Id.

 N.C. Gen. Stat. § 90-108(a)(7) “does not prohibit the mere temporary

possession of [a controlled substance] within a vehicle.” Id. at 32-33, 442 S.E.2d at

30. The word “keep” “denotes not just possession, but possession that occurs over a

duration of time.” Id. at 32, 442 S.E.2d at 30; see also id. at 32, 442 S.E.2d at 29-30

(noting various definitions of the word “keep,” including: “to have or retain in one’s

power or possession”; “not to lose or part with”; “to preserve or retain”; and “to

maintain continuously and methodically” (alterations and citation omitted)).

 “The determination of whether a vehicle, or a building, is used for keeping or

selling controlled substances will depend on the totality of the circumstances.” Id. at

34, 442 S.E.2d at 30. In making this determination, courts consider a variety of

factors, including occupancy of the property; possession over a duration of time; the

presence of large amounts of cash or drug paraphernalia; and the defendant’s

admission to selling controlled substances. State v. Frazier, 142 N.C. App. 361, 365,

366, 542 S.E.2d 682, 686 (2001). No factor is dispositive. Id. However, “[t]he focus

 -6-
 STATE V. ALVAREZ

 Opinion of the Court

of the inquiry is on the use, not the contents, of the vehicle.” Mitchell, 336 N.C. at 34,

442 S.E.2d at 30. “Although the contents of a vehicle are clearly relevant in

determining its use, its contents are not dispositive when . . . they do not establish

that the use of the vehicle was a prohibited one.” Id.

 On appeal, defendant contends that the State presented insufficient evidence

that he kept or maintained his truck “over a duration of time” for the purpose of

keeping or selling cocaine. We disagree.

 It is true that much of our case law interpreting N.C. Gen. Stat. § 90-108(a)(7)

has turned on similar arguments. E.g., id. at 32-33, 442 S.E.2d at 30; State v.

Dunston, __ N.C. App. __, __, 806 S.E.2d 697, 699 (2017) (rejecting the defendant’s

argument that “our case law establishes a bright-line rule whereby one incident of

keeping or selling controlled substances is insufficient to sustain a conviction for

maintaining a vehicle for keeping or selling a controlled substance”), aff’d per curiam,

__ N.C. __, 813 S.E.2d 218 (2018). Nevertheless, “[t]he totality of the circumstances

controls, and whether there is sufficient evidence of the ‘keeping or maintaining’

element depends on several factors, none of which is dispositive.” State v. Hudson,

206 N.C. App. 482, 492, 696 S.E.2d 577, 584 (emphasis added), disc. review denied,

364 N.C. 619, 705 S.E.2d 360 (2010).

 In the instant case, the totality of the circumstances supports a reasonable

inference that defendant knowingly kept or maintained the truck for the purpose of

 -7-
 STATE V. ALVAREZ

 Opinion of the Court

keeping or selling cocaine. Although the vehicle was registered in his wife’s name,

defendant described it as “[his] truck.” Defendant admitted that it was his work

vehicle, that no other party used it, and that he built the wooden drawers and

compartments located in the back of the cab. In conducting a lawful search of the

vehicle, LCSO officers discovered a false-bottomed compartment on the truck bed

floor, hidden underneath “a bunch of tools.” Except for a small hole in the center of

the plywood, the compartment’s concealed lid “looked just like a regular bottom.”

Underneath the false bottom, officers discovered a four- to six-inch “void” containing

one kilogram of cocaine. The cocaine was wrapped in plastic and oil to evade detection

by canine units.

 Defendant does not challenge the sufficiency of the evidence supporting his

various trafficking convictions arising from this incident. Moreover, substantial

evidence supports that defendant knowingly participated in the transaction in the

Walmart parking lot immediately prior to his arrest, and that this was not an isolated

incident. After Sergeant Villagra asked to see “the product,” Goicochea-Medina

deferred to defendant, who indicated that the cocaine was in a compartment in the

back of the truck. Sergeant Villagra showed the men a cooler full of cash and told

them that “next time [he] want[ed] a cheaper price” than $41,500.00. However,

defendant refused to produce the cocaine in the Walmart parking lot. At trial, the

State presented an audio recording of the transaction in which defendant repeatedly

 -8-
 STATE V. ALVAREZ

 Opinion of the Court

insisted that they “go to the house” to unload the truck. The confidential informant

testified that, on the way to “the house,” defendant questioned him about his prior

experiences with Sergeant Villagra and indicated that they could continue selling

drugs together “if everything worked out well[.]”

 Taken in the light most favorable to the State, the evidence showed, generally,

that defendant exercised regular and continuous control over the truck; that he

constructed and knew about the false-bottomed compartment in which one kilogram

of cocaine—an amount consistent with trafficking, not personal use— was discovered

on 23 January 2015; that he was aware that cocaine was hidden in his truck and

willingly participated in the transaction in the Walmart parking lot; and that he held

himself out as responsible for the ongoing distribution of drugs like those discovered

in the truck. Cf. Mitchell, 336 N.C. at 34, 442 S.E.2d at 30 (“The evidence, including

defendant’s actions, the contents of his car, and the contents of his home, are entirely

consistent with drug use, or with the sale of drugs generally, but they do not implicate

the car with the sale of drugs.”).

 This evidence is sufficient for a reasonable juror to infer, from the totality of

the circumstances, that defendant knowingly kept or maintained the pickup truck for

the purpose of keeping or selling cocaine. Therefore, the trial court did not err by

denying defendant’s motion to dismiss the charge of felony maintaining a vehicle for

keeping or selling controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7).

 -9-
 STATE V. ALVAREZ

 Opinion of the Court

NO ERROR.

Judge MURPHY concurs.

Chief Judge McGEE dissents by separate opinion.

 -2-
 No. COA17-945 – State v. Alvarez

 McGEE, Chief Judge, dissenting.

 I respectfully dissent and would reverse the trial court’s denial of Defendant’s

motion to dismiss and vacate Defendant’s conviction pursuant to N.C. Gen. Stat. §

90-108(a)(7) (2017).

 N.C.G.S. § 90-108(a)(7) states that it is unlawful to “knowingly keep or

maintain any . . . vehicle . . . for the keeping or selling of [controlled substances.]”

Under this provision, the State must prove “that the defendant did (1) knowingly (2)

keep or maintain (3) a vehicle (4) which is used for the keeping or selling ([5]) of

controlled substances.” State v. Mitchell, 336 N.C. 22, 31, 442 S.E.2d 24, 29 (1994).

Our Supreme Court held in Mitchell that:

 The word “keep” is variously defined as follows: “[to] have
 or retain in one's power or possession; not to lose or part
 with; to preserve or retain . . . . To maintain continuously
 and methodically . . . . To maintain continuously and
 without stoppage or variation . . . [; t]o take care of and to
 preserve . . . .” “Keep” therefore denotes not just
 possession, but possession that occurs over a duration of
 time. By its plain meaning, therefore, this statute does not
 prohibit the mere temporary possession of marijuana
 within a vehicle. . . . That an individual within a vehicle
 possesses marijuana on one occasion cannot establish that
 the vehicle is “used for keeping” marijuana[.]

Id. at 32-33, 442 S.E.2d at 29-30 (internal citation omitted) (emphasis added).

 In State v. Dunston, ___ N.C. App. ___, 806 S.E.2d 697 (2017), aff’d per curiam,

___ N.C. ___, 813 S.E.2d 218 (2018), this Court rejected the defendant’s argument

that “our case law establishes a bright-line rule whereby one incident of keeping or
 STATE V. ALVAREZ

 McGEE, C.J., dissenting

selling controlled substances is insufficient to sustain a conviction for maintaining a

vehicle for keeping or selling a controlled substance.” Dunston, ___N.C. App. at ___,

806 S.E.2d at 699. Instead, this Court held that “[t]he determination of whether a

vehicle, or a building, is used for keeping or selling controlled substances will depend

on the totality of the circumstances.” Id. (citing Mitchell, 336 N.C. at 34, 442 S.E.2d

at 30).

 Under the totality of the circumstances in this case, there was insufficient

evidence that Defendant kept or maintained his vehicle over a duration of time to

keep or sell controlled substances. This Court has looked at a variety of factors to

determine whether a defendant was keeping or maintaining their vehicle for the

purpose of keeping or selling a controlled substance. See State v. Rogers, ___ N.C.

App. ___, 796 S.E.2d 91 (2017) (amount of time the defendant was in control of the

vehicle, ownership of the vehicle); Dunston, ___ N.C. App. ___, 806 S.E.2d 697

(location of vehicle, quantity of controlled substances, drug paraphernalia consistent

with the sale of controlled substances, amount of money in the car); State v. Rousseau,

___ N.C. App. ___, 793 S.E.2d 292 (2016) (unpublished) aff’d per curiam, 370 N.C.

268, 805 S.E.2d 678 (2017) (location of the drugs within the vehicle, presence of drug

remnants within the vehicle). No single factor is dispositive of the issue. State v.

Hudson, 206 N.C. App. 482, 492, 696 S.E.2d 577, 584 (2010).

 In the case before us, the evidence at trial showed Defendant knew the location

 2
 STATE V. ALVAREZ

 McGEE, C.J., dissenting

of the cocaine within the truck, the cocaine was hidden within a compartment in the

bed of Defendant’s work truck, and the cocaine was wrapped in plastic and coated in

oil. While this evidence was sufficient to show Defendant engaged in this sale of

drugs, there was insufficient evidence presented that Defendant was keeping or

maintaining the vehicle for that purpose “over a duration of time” as required by

Mitchell. Mitchell, 336. N.C. at 32, 442 S.E.2d at 30. See State v. Rogers, ___ N.C.

App. ___, 796 S.E.2d 91 (2017) (reversing the denial of a motion to dismiss where the

defendant maintained possession of vehicle for one-and-a-half hours prior to arrest

and there was no evidence showing that the defendant had used the vehicle to keep

or sell controlled substances on prior occasions). In the present case, Defendant was

not in control of the vehicle at the time of the attempted drug sale. The kilogram of

cocaine was in a single package, rather than a size typical of individual sales. There

was no testimony that Defendant’s vehicle contained any other items associated with

the sale of drugs, nor contained a significant amount of money.

 The majority states that Defendant “held himself out as responsible for the

ongoing distribution of drugs[.]” However, the only evidence presented supporting

that assertion was testimony from the confidential informant stating Defendant said

during the drug sale that “if everything worked out well we could keep working

together.” While this statement might support that Defendant had the intent to

possibly keep or maintain the vehicle for the purpose of selling drugs in the future,

 3
 STATE V. ALVAREZ

 McGEE, C.J., dissenting

Defendant’s statement was conditional and does not support that he was doing so at

the time of his arrest. The evidence presented does no more than raise “suspicion or

conjecture” that Defendant was “keeping or maintaining” the vehicle for the purpose

of keeping or selling drugs. State v. Alston, 310 N.C. 399, 404, 213 S.E.2d 470, 473

(1984) (“If the evidence is sufficient only to raise a suspicion or conjecture as to either

the commission of the offense or the identity of the perpetrator, the motion to dismiss

should be allowed.”). Because the State failed to meet its burden, Defendant’s motion

to dismiss should have been granted.

 4