McGEE, Chief Judge, dissenting.
*577 I respectfully dissent and would reverse the trial court's denial of Defendant's motion to dismiss and vacate Defendant's conviction pursuant to N.C. Gen. Stat. § 90-108(a)(7) (2017).
N.C.G.S. § 90-108(a)(7) states that it is unlawful to "knowingly keep or maintain any ... vehicle ... for the keeping or selling of [controlled substances.]" Under this provision, the State must prove "that the defendant did (1) knowingly (2) keep or maintain (3) a vehicle (4) which is used for the keeping or selling ( [5] ) of controlled substances." State v. Mitchell , 336 N.C. 22, 31, 442 S.E.2d 24, 29 (1994). Our Supreme Court held in Mitchell that:
The word "keep" is variously defined as follows: "[to] have or retain in one's power or possession; not to lose or part with; to preserve or retain .... To maintain continuously and methodically .... To maintain continuously and without stoppage or variation ... [; t]o take care of and to preserve ...." "Keep" therefore denotes not just possession, but possession that occurs over a duration of time. By its plain meaning, therefore, this statute does not prohibit the mere temporary possession of marijuana within a vehicle. ... That an individual within a vehicle possesses marijuana on one occasion cannot establish that the vehicle is "used for keeping" marijuana[.]
Id. at 32-33, 442 S.E.2d at 29-30 (internal citation omitted) (emphasis added).
In State v. Dunston , --- N.C. App. ----, 806 S.E.2d 697 (2017), aff'd per curiam , --- N.C. ----, 813 S.E.2d 218 (2018), this Court rejected the defendant's argument that "our case law establishes a bright-line rule whereby one incident of keeping or selling controlled substances is insufficient to sustain a conviction for maintaining a vehicle for keeping or selling a controlled substance." Dunston , --- N.C. App. at ----, 806 S.E.2d at 699. Instead, this Court held that "[t]he determination of whether a vehicle, or a building, is used for keeping or selling controlled substances will depend on the totality of the circumstances." Id. (citing Mitchell , 336 N.C. at 34, 442 S.E.2d at 30 ).
Under the totality of the circumstances in this case, there was insufficient evidence that Defendant kept or maintained his vehicle over a *578 duration of time to keep or sell controlled substances. This Court has looked at a variety of factors to determine whether a defendant was keeping or maintaining their vehicle for the purpose of keeping or selling a controlled substance. See State v. Rogers , --- N.C. App. ----, 796 S.E.2d 91 (2017) (amount of time the defendant was in control of the vehicle, ownership of the vehicle); Dunston , --- N.C. App. ----, 806 S.E.2d 697 (location of vehicle, quantity of controlled substances, drug paraphernalia consistent with the sale of controlled substances, amount of money in the car); State v. Rousseau , --- N.C. App. ----, 793 S.E.2d 292 (2016) (unpublished) aff'd per curiam , 370 N.C. 268, 805 S.E.2d 678 (2017) (location of the drugs within the vehicle, presence of drug remnants within the vehicle). No single factor is dispositive of the issue. State v. Hudson , 206 N.C. App. 482, 492, 696 S.E.2d 577, 584 (2010).
In the case before us, the evidence at trial showed Defendant knew the location of the cocaine within the truck, the cocaine was hidden within a compartment in the bed of Defendant's work truck, and the cocaine was *184 wrapped in plastic and coated in oil. While this evidence was sufficient to show Defendant engaged in this sale of drugs, there was insufficient evidence presented that Defendant was keeping or maintaining the vehicle for that purpose "over a duration of time" as required by Mitchell . Mitchell , 336 N.C. at 32, 442 S.E.2d at 30. See State v. Rogers , --- N.C. App. ----, 796 S.E.2d 91 (2017) (reversing the denial of a motion to dismiss where the defendant maintained possession of vehicle for one-and-a-half hours prior to arrest and there was no evidence showing that the defendant had used the vehicle to keep or sell controlled substances on prior occasions). In the present case, Defendant was not in control of the vehicle at the time of the attempted drug sale. The kilogram of cocaine was in a single package, rather than a size typical of individual sales. There was no testimony that Defendant's vehicle contained any other items associated with the sale of drugs, nor contained a significant amount of money.
The majority states that Defendant "held himself out as responsible for the ongoing distribution of drugs[.]" However, the only evidence presented supporting that assertion was testimony from the confidential informant stating Defendant said during the drug sale that "if everything worked out well we could keep working together." While this statement might support that Defendant had the intent to possibly keep or maintain the vehicle for the purpose of selling drugs in the future, Defendant's statement was conditional and does not support that he was doing so at the time of his arrest. The evidence presented does no more than raise "suspicion or conjecture" that Defendant was "keeping or maintaining"
*579 the vehicle for the purpose of keeping or selling drugs. State v. Alston , 310 N.C. 399, 404, 312 S.E.2d 470 (1984) ("If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the perpetrator, the motion to dismiss should be allowed."). Because the State failed to meet its burden, Defendant's motion to dismiss should have been granted.